**BANDERA ELECTRIC COOPERATIVE, INC., Petitioner,**

v.

**Robert GILCHRIST, Respondent.**

No. 96–0590.

Supreme Court of Texas.

March 21, 1997.

As Corrected June 20, 1997.

Rehearing Overruled June 20, 1997.

James A. Rindfuss, San Antonio, for Petitioner.

Earle Cobb, Jr., San Antonio, for Respondent.

PER CURIAM.

■ This case concerns the proper appellate disposition of a summary judgment that purports to be final but grants more relief than the movant requested. The trial court's judgment contained a Mother Hubbard clause [1] that professed to dispose of the plaintiff's claims and the defendant's counterclaims, even though the plaintiff's motion for summary judgment did not address the counterclaims. Concluding that the trial court erred by granting summary judgment on the unaddressed counterclaims, a divided court of appeals reversed and remanded the entire case to the trial court. 924 S.W.2d 388. We hold that the court of appeals should have considered the merits of the appeal. If the summary judgment in favor of the plaintiff on its claims was proper, the court of appeals should affirm the judgment of the trial court in part, reverse in part since only a partial summary judgment should have been rendered, and remand the case to the trial court for further proceedings.

Robert Gilchrist provided cable-television services to the citizens of Concan, Texas. On July 10, 1990, he entered into a contract with Bandera Electric Cooperative, Inc. that allowed him to string cable on Bandera's poles. The contract was to remain "in effect until terminated by either party hereto at the end of one (1) year from the date hereof or thereafter upon the giving of written notice

---

1. A Mother Hubbard clause generally recites that all relief not expressly granted is denied. Clauses stating that the summary judgment is granted as to all claims asserted by plaintiff or that plaintiff takes nothing against defendant are the functional equivalent of a Mother Hubbard clause. *See Mafrige v. Ross,* 866 S.W.2d 590, 590 n. 1 (Tex.1993).

to the other party not less than six (6) months prior to the date of termination."

On June 11, 1992, Bandera notified Gilchrist that it was terminating the contract on December 11, 1992. In late 1993, after Gilchrist did not remove his cable from Bandera's poles, Bandera sued him for breach of contract, seeking unpaid rent, injunctive relief, and attorney's fees. Gilchrist asserted several affirmative defenses as well as counterclaims for breach of contract and DTPA and antitrust violations. Bandera moved for summary judgment on its claims against Gilchrist. However, Bandera's motion contained no mention of Gilchrist's counterclaims.

The trial court rendered summary judgment in Bandera's favor for the unpaid rent and attorney's fees. Because the order contained a Mother Hubbard clause denying all other relief, it also purported to dispose of Gilchrist's counterclaims.

Sitting en banc and relying on *Mafrige v. Ross*, 866 S.W.2d 590 (Tex.1993), the court of appeals correctly determined that the trial court erroneously included Gilchrist's counterclaims in the summary judgment order. 924 S.W.2d at 390–91. The court then reversed and remanded the entire case to the trial court so that it could make the judgment "final and appealable by proper severance or the disposal of all remaining issues and parties." *Id.* at 394. In a concurring and dissenting opinion, three justices argued that the judgment should not have been reversed in its entirety, but only "insofar as it disposes of Gilchrist's counterclaims." *Id.* at 396 (Duncan, J., concurring & dissenting).

In its application for writ of error to this Court, Bandera concedes that because it failed to address Gilchrist's counterclaims in its motion for summary judgment, the trial court erred in disposing of them. Nevertheless, Bandera argues that the court of appeals erred in reversing the entire judgment.

Bandera contends that the court of appeals should have affirmed in part and reversed in part, upholding the judgment as it applied to Bandera's claims, and reversing and remanding the judgment as it applied to Gilchrist's counterclaims.

Courts of appeals have reached differing results when a partial summary judgment should have been entered but the judgment purports to be final. *See City of Garland v. Booth*, 895 S.W.2d 766, 771 (Tex.App.—Dallas 1995, writ denied)(reversing and remanding only unaddressed claims); *Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 134 (Tex.App.—Houston [14th Dist.] 1994, no writ)(same); *Posey v. Southwestern Bell Yellow Pages, Inc.*, 878 S.W.2d 275, 281 (Tex. App.—Corpus Christi 1994, no writ)(same); *Welch v. McDougal*, 876 S.W.2d 218, 226 (Tex.App.—Amarillo 1994, writ denied)(same). *But see Rose v. Kober Fin. Corp.*, 874 S.W.2d 358, 362 (Tex.App.—Houston [14th Dist.] 1994, no writ)(reversing and remanding entire case).

In *Mafrige*, this Court concluded that the inclusion of Mother Hubbard language or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appellate purposes. *Mafrige*, 866 S.W.2d at 590. While we recognized that a summary judgment order that does not dispose of all issues and all parties is generally interlocutory and not appealable in the absence of a severance, we held that a summary judgment order with Mother Hubbard language should be treated as final for purposes of appeal. *Id.* at 591–92. By not reversing the entire judgment, we avoid the needless relitigation of decided issues and thus promote judicial economy. The correct procedure is that followed by the court of appeals on remand in the *Mafrige* case. *See Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 134 (Tex.App.—Houston [14th Dist.] 1994, no writ).[2]

2. Our opinion in *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311 (Tex.1994), is not to the contrary. The *Martinez* case involved a partial summary judgment order *without a Mother Hubbard clause*. Several defendants had moved for summary judgment on limitations grounds, but others had not. The trial court granted the summary judgment and then severed the plaintiffs' claims against the defendants that had moved for summary judgment. *Id.* at 313. While the severance order had a Mother Hubbard clause that would have created a final and

Accordingly, pursuant to Rule 170 of the Texas Rules of Appellate Procedure, this Court, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to the court of appeals for further proceedings consistent with this opinion.

---

appealable judgment, the order also expressly allowed other defendants who had not moved for summary judgment to be added to the severed cause once they did move for summary judgment. Accordingly, defendants could have been added to the severed cause *after* the time for appeal had expired. *Id.* We concluded that this order necessarily contemplated a later final order unambiguously designating all parties encompassed by the order. *Id.* at 314. Therefore, no final judgment existed, and the appeal had to be dismissed in its entirety.