TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00202-CV






Stabilizing Technology of Texas, Inc., Appellant



v.



Austin House Leveling and Soil Stabilization, Inc, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 97-04341, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 







PER CURIAM

 Stabilizing Technology of Texas, Inc. ("STT") sought a declaratory judgment and
sued Austin House Leveling and Soil Stabilization, Inc. ("AHL") for money damages claiming
breach of contract, fraud, violations of the Deceptive Trade Practices Act, negligence, negligent
supervision, breach of implied warranty, and indemnity. (1) AHL counterclaimed seeking sanctions
and attorneys' fees for defending the suit that it contended was groundless, brought in bad faith,
or purely for the purposes of harassment. After determining the order granting a partial summary
judgment in favor of AHL is interlocutory and is not an appealable final judgment, we will
dismiss the appeal for want of jurisdiction.

 AHL moved for a partial summary judgment. In its motion, AHL explicitly stated
in its first footnote, "The motion seeks a partial summary judgment only because it does not
address Defendant's counterclaims against Stabilizing Technologies [sic] of Texas, Inc." STT
responded to the motion and the district court entered an order titled "Partial Summary
Judgment." The order provided: "It is, therefore, ordered, adjudged and decreed that Defendant's
Amended Motion for Partial Summary Judgment be granted, and that Plaintiff take nothing by its
suit." The order does not mention AHL's counterclaims. It is from this order STT attempts an
appeal. 

 With limited exceptions not present in this case, an appellate court has jurisdiction
over appeals from final judgments only. Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365
(Tex. 1985). To be a final, appealable summary judgment, the order granting a motion for
summary judgment must dispose of all parties and all issues before the court. Mafrige v. Ross,
866 S.W.2d 590, 591 (Tex. 1993) (citing Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil
Co., 324 S.W.2d 200, 200 (Tex. 1959)). If a summary-judgment order appears to be a final
judgment, as evidenced by the inclusion of language purporting to dispose of all claims or parties,
the judgment should be treated as final for purposes of appeal. Bandera Electric Cooperative, Inc.
v. Gilchrist, 946 S.W.2d 336 (Tex. 1997); Inglish v. Union State Bank, 945 S.W.2d 810, 811
(Tex. 1997); Mafrige, 866 S.W.2d at 592. If the order does not purport to dispose of all parties
and issues then it is interlocutory and therefore not appealable absent a severance. Mafrige, 866
S.W.2d at 591. A summary-judgment order can only grant relief requested in the summary-judgment motion. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993).

 Upon an initial review of the clerk's record in this case it appeared the record did
not contain a final, appealable order. While the record contained the partial summary-judgment
order, it did not contain a severance order. Because the partial summary judgment did not purport
to dispose of AHL's counterclaims, the Clerk of this Court, by letter dated June 25, 1998,
informed the parties the order sought to be appealed appeared to be a non-appealable interlocutory
order. The Clerk invited the parties to respond and advise the Court about any reason the appeal
should not be dismissed for want of jurisdiction. After receiving responses from both parties and
again reviewing the record, we conclude this Court is without jurisdiction over the appeal. 

 The summary-judgment motion did not seek relief from the counterclaims. The
inclusion of a "Mother Hubbard" clause or its functional equivalent in an order granting summary
judgment makes an otherwise partial summary judgment final for appeal purposes because such
a clause purports to make the summary-judgment order a final judgment. Bandera Electric
Cooperative, 946 S.W.2d at 336; Mafrige, 866 S.W.2d at 591-92. A Mother Hubbard clause
generally recites that all relief not expressly granted is denied. Mafrige, 866 S.W.2d at 592, n.1
(citing North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 898 (Tex. 1966)). The
equivalent of such a clause may be a statement that "the summary judgment is granted as to all
claims asserted by the plaintiff" or a statement that "plaintiff take nothing." Inglish, 945 S.W.2d
at 810; Mafrige, 866 S.W.2d at 592. 

 Here, the trial-court order contains the clause "plaintiff take nothing by its suit."
Unlike Mafrige and Inglish, where the same clause existed and the order was final, here such
language does not purport to make the order final. The motion for summary judgment did not
request a disposition of all claims. Chase Manhattan Bank N.A. v. Lindsay, 787 S.W.2d 51, 53
(Tex. 1990). The language "plaintiff take nothing" in this case says nothing about AHL's
counterclaims for attorneys' fees or sanctions. Although the district court used the same clause
as appeared in Mafrige and Inglish, the only claims asserted in those cases were by the plaintiffs;
the defendants did not raise any counterclaims for affirmative relief. Inglish, 945 S.W.2d at 810;
Mafrige, 866 S.W.2d at 592; see also Harris Country Appraisal District v. Johnson, 889 S.W.2d
531, 533 (Tex. App.--Houston [14th Dist.] 1994, orig. proceeding) (summary-judgment order
interlocutory and non-appealable where same clause appeared and counterclaims raised by
defendants not addressed in summary-judgment motion). The partial summary-judgment order
is interlocutory and non-appealable because of the absence of language purporting to make the
order final for purposes of appeal. Compare Bandera Electric Cooperative, 946 S.W.2d at 337-38
(otherwise partial summary judgment contained language purporting to be final and granting more
relief than movant requested because counterclaims not addressed in summary-judgment motion
however judgment was final for purposes of appeal). 

 This Court does not have jurisdiction over the appeal. Because STT has not shown
this Court that it has jurisdiction over the appeal, on our own motion, we dismiss the appeal for
want of jurisdiction. Tex. R. App. P. 42.3(a). The appeal is dismissed for want of jurisdiction. 


Before Chief Justice Yeakel, Justices Aboussie and Jones

Dismissed for Want of Jurisdiction

Filed: July 16, 1998

Do Not Publish
1. The Marcia I. Hill Testamentary Trust, originally a party to this suit, voluntarily dismissed
its claims against AHL. 



be a final
judgment, as evidenced by the inclusion of language purporting to dispose of all claims or parties,
the judgment should be treated as final for purposes of appeal. Bandera Electric Cooperative, Inc.
v. Gilchrist, 946 S.W.2d 336 (Tex. 1997); Inglish v. Union State Bank, 945 S.W.2d 810, 811
(Tex. 1997); Mafrige, 866 S.W.2d at 592. If the order does not purport to dispose of all parties
and issues then it is interlocutory and therefore not appealable absent a severance. Mafrige, 866
S.W.2d at 591. A summary-judgment order can only grant relief requested in the summary-judgment motion. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993).

 Upon an initial review of the clerk's record in this case it appeared the record did
not contain a final, appealable order. While the record contained the partial summary-judgment
order, it did not contain a severance order. Because the partial summary judgment did not purport
to dispose of AHL's counterclaims, the Clerk of this Court, by letter dated June 25, 1998,
informed the parties the order sought to be appealed appeared to be a non-appealable interlocutory
order. The Clerk invited the parties to respond and advise the Court about any reason the appeal
should not be dismissed for want of jurisdicti