TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00472-CV






Randy Leigh, Appellant



v.



Robert Lee State Bank and First Community Federal Credit Union, Appellees






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-97-1248-C, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING 







 Randy Leigh sued Robert Lee State Bank ("Bank") and First Community Federal
Credit Union ("Credit Union") to recover damages he alleged resulted from their civil conspiracy
to prevent Leigh from collecting a $38,251.45 check. The Bank and Credit Union filed motions
for summary judgment. Both alleged several bases in their motions including a no-evidence
summary-judgment ground pursuant to Texas Rule of Civil Procedure 166a(i). The trial court
granted both summary-judgment motions using general language. On appeal, Leigh asserts one
issue contending that the trial court erred in granting the Bank's and Credit Union's motions for
summary judgment. We will affirm in part and reverse and remand in part the trial court's orders.


Factual and Procedural Background


 Leigh alleged that he received a check from Probst Roofing Company ("Company")
payable to him in the amount of $38,251.45 drawn on the Company's account at the Bank. On
October 17, 1995, Leigh deposited the check in his account at the Credit Union. The Credit
Union forwarded the check to the Federal Reserve Bank which in turn on October 19 forwarded
the check to the Bank for collection. On October 21, Leigh inquired at the Credit Union about
whether he could write checks on the $38,251.45 amount. The clerk informed him that it had
been four days since the $38,251.45 check had been deposited, all looked good on his account,
and she saw no problem with him writing checks on the amount. On October 25, the Bank
returned the check unpaid and the Credit Union informed Leigh that his account was being charged
$38,251.45. 

 Leigh alleged that the Bank kept the check beyond the statutory time for returning
the check unpaid. By doing so, Leigh contended the collection of the check became final and the
Bank was obligated to pay the check. Leigh contended that when the Bank realized it failed to
timely return the check, the Bank and Credit Union conspired so "the Credit [Union would] not
protest the Bank's actions in holding [the] check beyond the statutory time for return and instead
to charge [Leigh's] account with the loss." Leigh also contended that the Bank's and Credit
Union's actions were malicious and wilful and he was entitled to recover exemplary damages. 
Finally, Leigh asked to recover his attorney's fees. 

 The Credit Union answered and (1) generally denied Leigh's conspiracy claim; (2)
asserted the affirmative defense of laches; (3) counterclaimed against Leigh for fraud and breach
of warranty; and (4) cross-claimed against the Bank for contribution and indemnity. The Bank
answered the Credit Union's cross-claim and asserted the affirmative defenses of limitations,
laches, and breach of implied warranties. The Bank answered Leigh's lawsuit and (1) generally
denied his conspiracy claim; (2) asserted the affirmative defenses of laches and limitations; (3)
asserted that, contrary to the parties' agreement, Leigh had materially altered the check without
authority; and (4) counterclaimed for attorney's fees contending that Leigh filed the lawsuit in bad
faith or for the purpose of harassment. 

 The Bank and Credit Union moved for summary judgment on several grounds and
attached affidavits as summary-judgment proof. Both parties contended six months was an
adequate time for discovery, Leigh had failed to produce any evidence of a civil conspiracy, and
that, pursuant to the no-evidence summary-judgment provision of Texas Rule of Civil Procedure
166a(i), they were entitled to summary judgment. (1) Although Leigh responded to both motions,
he did not include any summary-judgment proof. 

 The trial court entered two orders granting summary judgment; neither stated
specific grounds for granting the motion. The Bank's order, dated July 17, 1998, included a
traditional Mother Hubbard clause, "All other relief not expressly granted, is denied." The Credit
Union's order, dated July 22, 1998, granted the Credit Union's motion and included the clause,
"Leigh take nothing on his claims against the Credit Union." Leigh timely perfected an appeal.




Discussion


 First, Leigh questions this Court's jurisdiction over the appeal. Specifically, Leigh
argues that a final, appealable judgment does not exist because the summary-judgment orders
granted more relief than requested, and consequently they are interlocutory orders. The Bank and
Credit Union respond that the orders are final for appellate purposes because the orders contain
Mother Hubbard clauses rendering them final for appellate purposes. Second, Leigh contends that
the trial court erred in granting the summary judgments because the proof presented by the Bank
and Credit Union was not proper summary-judgment evidence. The Bank and Credit Union
respond that the trial court properly granted the summary judgments because both parties filed no-evidence summary-judgment motions and Leigh failed to present any evidence raising a genuine
issue of material fact regarding his claim of conspiracy between the Bank and Credit Union. See
Tex. R. Civ. P. 166a(i). 


Finality and Appellate Jurisdiction

 The issue of finality of summary judgments has been extensively litigated in Texas
courts. See Bandera Elec. Co-Op, Inc. v. Gilchrist, 946 S.W.2d 336 (Tex. 1997); Inglish v.
Union State Bank, 945 S.W.2d 810 (Tex. 1997); Mafrige v. Ross, 866 S.W.2d 590 (Tex. 1993);
Teer v. Duddlesten, 664 S.W.2d 702 (Tex. 1984); Schlipf v. Exxon Corp., 644 S.W.2d 453 (Tex.
1982). The inclusion of a Mother Hubbard clause makes an otherwise partial summary judgment
final for appellate purposes because it expressly disposes of all parties and issues in the case. 
Inglish, 945 S.W.2d at 811; Mafrige, 866 S.W.2d at 590. This provides "an objective bright-line
test to determine the finality of a judgment based on the judgment's four corners." Kaigler v.
General Elec. Mortg. Ins. Corp., 961 S.W.2d 273, 275 (Tex. App.--Houston [1st Dist.] 1997,
no pet.). If the judgment erroneously grants more relief than requested, it is final and erroneous,
not interlocutory. Id. at 276. The appellate court should reverse and remand the portions not
presented to the trial court rather than dismissing the entire appeal. See Bandera Elec., 946
S.W.2d at 337 (adopting procedure followed by appellate court on remand of Mafrige in Ross v.
Arkwright Mut. Ins. Co., 892 S.W.2d 119 (Tex. App.--Houston [14th Dist.] 1994, no writ)). 

 The two summary-judgment orders collectively constitute a final, appealable
judgment even though they granted more relief than requested and did not dispose of all issues in
the case. See Ross v. Arkwright Mut. Ins. Co., 892 S.W.2d 119, 122-23 (Tex. App.--Houston
[14th Dist.] 1994, no writ) (citing Mafrige, 866 S.W.2d at 592). We will address the issues
presented to the trial court by the Bank's and Credit Union's summary-judgment motions and
determine whether any issues not presented to the trial court must be reversed and remanded to
the trial court for consideration. Bandera Elec., 946 S.W.2d at 337; Ross, 892 S.W.2d at 122-23. 


No-Evidence Summary Judgment

 The Bank and Credit Union urged several grounds for summary judgment including
a no-evidence basis for summary judgment pursuant to Texas Rule of Procedure 166a(i). Both
summary-judgment orders contained general language only and neither order specified a particular
basis for its ruling. When a trial court does not state the basis for its decision in a
summary-judgment order, the appellate court must uphold the order if any of the theories advanced
in the motion are meritorious. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Thompson
v. City of Austin, 979 S.W.2d 676, 679 (Tex. App.--Austin 1998, no pet.) (citing Rogers v.
Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989)). 

 The Bank and Credit Union contend that, pursuant to Texas Rule of Civil Procedure
166a(i), Leigh was required to respond to their no-evidence summary-judgment motions and
present some evidence of his conspiracy claim. They contend that, because Leigh failed to present
any evidence in response to their motions, the trial court had no option except to grant their
motions for summary judgment. 

 Rule 166a(i) provides: 


After adequate time for discovery, a party without presenting summary judgment
evidence may move for summary judgment on the ground that there is no evidence
of one or more essential elements of a claim or defense on which an adverse party
would have the burden of proof at trial. The motion must state the elements as to
which there is no evidence. The court must grant the motion unless the respondent
produces summary judgment evidence raising a genuine issue of material fact. 



Tex. R. Civ. P. 166a(i). 

 "A no-evidence summary judgment is essentially a pre-trial directed verdict."
Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.--Austin 1998, no pet.) (quoting slip
opinion which was published as Moore v. K-Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San
Antonio 1998, no pet.)). An appellate court applies the same legal-sufficiency standard in
reviewing a no-evidence summary judgment as it applies in reviewing a directed verdict. Jackson,
979 S.W.2d at 70. Therefore, this Court must determine whether Leigh produced any evidence
of probative force to raise fact issues on the material questions presented. Id. We consider and
weigh all evidence in the light most favorable to the party against whom the no-evidence summary
judgment was rendered; every reasonable inference must be indulged in favor of the nonmovant,
and any doubts resolved in its favor. Id. 

 A civil conspiracy exists when (1) two or more persons are involved; (2) there is
an object to be accomplished; (3) there is a meeting of the minds on the object or course of action;
(4) there are one or more unlawful, overt acts; and (5) damages are the proximate result of the
unlawful overt acts. Juhl v. Arlington, 936 S.W.2d 640, 644 (Tex. 1996). A negligent act cannot
support a conspiracy claim because such an act is not a result of specific intent. Id. 

 A no-evidence summary judgment is properly granted if the nonmovant fails to
bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact
regarding an essential element of the nonmovant's claim on which the nonmovant would have the
burden of proof at trial. Id. (citing Tex. R. Civ. P. 166a(i) and Merrell Dow Pharmaceuticals,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, ___ U.S. ___, 118 S. Ct. 1799
(1998)). Leigh bore the burden of coming forward with summary-judgment proof to support his
conspiracy claim. Because he presented no evidence to support his claim, the trial court properly
granted the motions for summary judgment based upon the no-evidence ground urged by both the
Bank and the Credit Union. Leigh's issue is overruled in part.




Issues Not Disposed of by Summary-Judgment Orders

 Finally, in accordance with Bandera Electric and Mafrige, because the summary
judgments granted more relief than requested, we must determine whether any unresolved issues
remain to be remanded to the trial court. See Bandera Elec., 946 S.W.2d at 337; Mafrige, 866
S.W.2d at 592 (issues not addressed in motion for summary judgment should be reversed and
remanded to trial court for disposition while appellate court decides merits of issues properly
resolved by summary judgment).

 In reviewing the summary-judgment motions, we find that the Bank's and Credit
Union's counterclaims against Leigh and the Credit Union's cross-claims against the Bank were
not presented to the trial court. We must determine whether any of these issues are to be
remanded to the trial court for consideration. First, we hold that as a result of denying all of
Leigh's claims, the Credit Union's cross-claims against the Bank for contribution and indemnity
necessarily became moot and effectively were denied. Second, we hold that the Bank waived its
counterclaim against Leigh by submitting an order to the trial court stating "all relief not expressly
granted, is denied." Finally, we hold that the Credit Union's counterclaim against Leigh for
attorney's fees, not raised in the Credit Union's motion for summary judgment, was not properly
resolved by the Credit Union's summary-judgment order which stated "Leigh take nothing on his
claims against the Credit Union." The issue of the Credit Union's counterclaim against Leigh is
reversed and remanded to the trial court. Leigh's issue is sustained to the extent that the trial court
erred in granting summary judgment on the Credit Union's counterclaim against Leigh.



Conclusion


 We reverse the portion of the Credit Union's summary-judgment order regarding
the Credit Union's counterclaim against Leigh to the trial court and remand that portion of the
cause for further proceedings; we affirm the remainder of the Credit Union's summary-judgment
order. We affirm the Bank's summary-judgment order.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part 

Filed: June 17, 1999

Do Not Publish
1.   Additionally, the Bank alleged in its motion that, as a matter of law, Leigh was not the
rightful payee of the $38,251.45 check. The Credit Union alleged in its motion that (1) Leigh
materially altered the check; (2) he breached the implied warranties of the Uniform Commercial
Code section 4.207; (3) the Bank met its statutory deadline for dishonoring the check; and (4)
Leigh's claims were barred by the statute of limitations. 



d; (2) there is
an object to be accomplished; (3) there is a meeting of the minds on the object or course of action;
(4) there are one or more unlawful, overt acts; and (5) damages are the proximate result of the
unlawful overt acts. Juhl v. Arlington, 936 S.W.2d 640, 644 (Tex. 1996). A negligent act cannot
support a conspiracy claim because such an act is not a result of specific intent. Id. 

 A no-evidence summary judgment is properly granted if the nonmovant fails to
bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact
regarding an essential element of the nonmovant's claim on which the nonmovant would have the
burden of proof at trial. Id. (citing Tex. R. Civ. P. 166a(i) and Merrell Dow Pharmaceuticals,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, ___ U.S. ___, 118 S. Ct. 1799
(1998)). Leigh bore the burden of coming forward with summary-judgment proof to support his
conspiracy claim. Because he presented no evidence to support his claim, the trial court properly
granted the motions for summary judgment based upon the no-evidence ground urged by both the
Bank and the Credit Union. Leigh's issue is overruled in part.




Issues Not Disposed of by Summary-Judgment Orders

 Finally, in accordance with Bandera Electric and Mafrige, because the summary
judgments granted more relief than requested, we must determine whether any unresolved issues
remain to be remanded to the trial court. See Bandera Elec., 946 S.W.2d at 337; Mafrige, 866
S.W.2d at 592 (issues not addressed in motion for summary judgment should be reversed and
remanded to trial court for disposition while appellate court decides merits of issues properly
resolved by summary judgment).

 In reviewing the summary-judgment motions, we find that the Bank's and Credit
Union's counterclaims against Leigh