**E.G. HENDERSON and Betty Henderson, Appellants,**

**v.**

**Charles DURAN and Surety Bank National Association, Appellees.**

**No. 10–00–052–CV.**

Court of Appeals of Texas, Waco.

Feb. 14, 2001.

Rehearing Overruled March 28, 2001.

---

Gary Lewellen, McMillan & Lewellen, P.C., Stephenville, for appellant.

Christopher G. Lyster, Joseph W. Spence and Steven J. Graham, Shannon, Gracey, Ratliff & Miller, L.L.P., Ft. Worth, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

Henderson brought four claims against Surety. Surety moved for summary judgment on two of the claims. The trial court granted summary judgment. The judgment includes a Mother Hubbard clause. Henderson appeals. Without reference to the merits of the two claims on which summary judgment was sought, we: 1) determine that the inclusion of the Mother Hubbard clause does not make the summary judgment final; 2) find that the judgment is an interlocutory partial summary judgment; and 3) dismiss the appeal for want of jurisdiction.

## FACTUAL BACKGROUND [1]

Charles Duran sold Dinosaur Cablevision to a third party. He received a note in the amount of $300,000. Duran pledged the note as collateral against another note he owed to Surety.[2] Henderson and Duran had various business dealings, and ultimately, Henderson sued Duran as a result of disputes arising from their business relationship. The litigation was settled. The settlement assigned half of the $300,000 note proceeds to Henderson, after satisfaction of Duran's note owed to Surety. The settlement was incorporated as part of the judgment disposing of the litigation between Henderson and Duran.

At the time of the settlement, Duran was one of the principle shareholders of Surety. Surety's president was a close personal friend and long time business associate of Duran. The same lawyer that represented Duran in the litigation with Henderson, also routinely represented Surety. A copy of the judgment was delivered to Surety by Duran's attorney. There is no question that Surety had actual notice of the judgment regarding ownership of the proceeds of the $300,000 note.

It is alleged that over the next several years after the settlement, Duran and Surety engaged in conduct calculated to keep the balance of Duran's note with Surety at its then existing level so that Henderson would not receive more of the proceeds of the $300,000 note when it was paid. In 1995, the banker died and his son took over the bank. It also appears that by this date Duran was mentally incapacitated. The $300,000 was paid in full. None of the note proceeds was paid to Henderson.

## PROCEDURAL HISTORY

Henderson sued Surety and Duran. Henderson asserted the following four causes of action:

1. Negligence;
2. Breach of contract;
3. Conspiracy; and
4. Imposition of a constructive trust.

Henderson moved for partial summary judgment against Surety and Duran on the issue of liability.

Surety moved for summary judgment against Henderson. However, its summary judgment motion clearly requests summary judgment on only two of Henderson's causes of action. The motion states: "As a result, Surety is entitled to summary judgment on Plaintiff's negli-

---

1. This factual recitation is based on the summary judgment evidence in the record. Nothing herein is intended to resolve factual disputes that may actually exist with regard to the facts as described.

2. We refer to Surety even though some of the transactions we describe were with a predecessor bank.

gence claims and contract claims." Thus, summary judgment was only sought on Henderson's claims of:

1. Negligence; and
2. Breach of contract.

Various summary judgment evidence and responses were filed.

The trial court granted Surety's motion against Henderson. The trial court also granted judgment in favor of Henderson against Duran and denied Henderson's motion against Surety. The judgment included the sentence, now infamous in its use in summary judgments, "All relief not expressly granted herein is **DENIED.**" This is the classic Mother Hubbard clause.

On appeal Henderson complains that summary judgment was improper because a fact issue existed on each of the claims, or alternatively, that Surety did not prove its entitlement to summary judgment on each claim as a matter of law. Henderson also complains that the trial court erred in not granting his motion for summary judgment against Surety.

### MAFRIGE [3] vs. LEHMANN [4]

In *Mafrige*, the Supreme Court attempted to make it clear that a summary judgment that on its face purported to dispose of all issues and all parties was final for purposes of appeal. The inclusion of the infamous Mother Hubbard clause was a way to make certain that the judgment, on its face, disposed of all issues and all parties.

In *Lehmann*, the Supreme Court effectively overruled the *Mafrige* rule and held:

> We no longer believe that a Mother Hubbard clause, in an order or in a judgment issued without a full trial, can be taken to indicate finality. We therefore hold that in cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of

appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.

*Lehmann*, 39 S.W.3d at 192 (2001).

### APPLICATION

■ In this case, it does not appear that it was ever drawn to the trial court's attention that Surety had moved for summary judgment on only two of Henderson's four causes of action. It is error to grant relief in excess of that requested in a motion for summary judgment. *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983). Having not moved for summary judgment on two of Henderson's causes of action, it would be error for the trial court to render judgment on these claims in favor of Surety. On the record before us, we cannot say that the trial court intended the judgment to dispose of Henderson's other two claims. At the time of the judgment, the court had no procedural vehicle that would have allowed such a judgment.

■ Thus, after an examination of the pleadings at the time of the summary judgment, we find that the judgment does not dispose of all issues and all parties. This judgment is only a partial summary judgment. A Mother Hubbard clause has no place in a partial summary judgment. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984).

### REMEDY

The question now becomes: What do we do with this appeal?

■ We have not reviewed the merits of the claims on which summary judgment was granted. *See Bandera Electric Cooperative, Inc. v. Gilchrist,* 946 S.W.2d 336 (Tex.1997). If the trial court had entered the judgment that it should have entered,

---

**3.** *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993).

**4.** *Lehmann v. Har–Con–Corp.,* 39 S.W.3d 191

(2001).

it would have entered a partial summary judgment. If we reverse the existing judgment, in whole or in part, and render the judgment that the trial court should have rendered, we would be rendering an interlocutory partial summary judgment. *See* TEX.R.APP. P. 43.3. However, there is one critical distinction between the partial summary judgment we would render and the partial summary judgment the trial court would have rendered. If we render an interlocutory partial summary judgment, it becomes the law of the case and cannot be set aside or contravened by the trial court. On the other hand, if the trial court grants a partial summary judgment, prior to a final judgment on the whole case, the trial court may decide to set aside that partial summary judgment and deny all relief requested in the summary judgment motions or to modify it. Thus, if we take it upon ourselves to review less than the entire case at this time, we will affect the trial court's ability to deal with issues as they may develop prior to final judgment. Thus, appellate review would not be prudent at this juncture.

This is an appeal of a partial summary judgment. We do not have jurisdiction to review a partial summary judgment. This appeal is dismissed for want of jurisdiction.