Opinion issued November 30, 2009










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00572-CV






CORY WAYNE MAGEE, INDIVIDUALLY, AND TRACEY D'ANN MAYO,
INDIVIDUALLY AND AS LEGAL REPRESENTATIVE OF THE ESTATE
OF DOUGLAS EMERY MAGEE, DECEASED, AND THE ESTATE OF
LOIS ANN MAGEE, DECEASED, Appellants


V.


G & H TOWING COMPANY, Appellee






and






NO. 01-07-00837-CV






CORY WAYNE MAGEE, INDIVIDUALLY, AND TRACEY D'ANN MAYO,
INDIVIDUALLY AND AS LEGAL REPRESENTATIVE OF THE ESTATE
OF DOUGLAS EMERY MAGEE, DECEASED, AND THE ESTATE OF
LOIS ANN MAGEE, DECEASED, Appellants


V.


WILLIAM C. COLSON, Appellee






On Appeal from Probate Court at Law No. 1

Harris County, Texas

Trial Court Cause Nos. 350605-402 and 350605-401






O P I N I O N

 In these two related appeals, the probate court granted motions for summary
judgment filed by appellees G & H Towing Company (trial court case number
350605-402; appellate case number 01-07-00572-CV) and William C. Colson (trial
court case number 350605-401; appellate case number 01-07-00837-CV). The
probate court severed the claims against each appellee, making each summary
judgment final. The appellants are (1) Cory Wayne Magee, individually, and (2)
Tracey D'Ann Mayo, individually and as legal representative of the estate of Douglas
Emery Magee, deceased, and the estate of Lois Ann Magee, deceased. We reverse
the summary judgment in favor of G & H Towing and affirm the summary judgment
in favor of Colson.


Background

 Douglas Magee and Lois Magee died from injuries resulting from a collision
between their car and a truck driven by Joseph Violante. At the time of the collision,
Violante was leaving the premises of a bar where he had been drinking. Violante was
subsequently convicted of intoxication manslaughter and sentenced to four years'
imprisonment, probated. See Tex. Penal Code Ann. §§ 49.08(a), .09(a) (Vernon
Supp. 2009).

 William Colson owned the truck Violante was driving. Both Colson and
Violante were employed by G & H Towing as tugboat quartermasters. The two men
worked on the same tugboat in a schedule in which one man worked for a period of
several days, then the other man relieved him and worked for a similar period. Because the tugboats did not have a regular route that allowed each man to
disembark at the end of his duty shift at the same place that he started, if Colson was
relieving Violante, Colson would allow Violante to use his vehicle to drive home, and
vice versa. There is summary-judgment evidence that this was a routine practice for
employees of G & H Towing. There is also summary-judgment evidence that G & H
conducted background checks on employees who drove company vehicles and
evidence that G & H did not conduct background checks on employees who shared
personal vehicles in situations similar to Colson and Violante's work schedule.

 Violante's prior driving record included a February 2002 injury accident, a
February 2003 ticket for speeding and no liability insurance, a May 2003 ticket for
an excessively wide turn, and a November 2003 injury accident. In addition, Violante
had a 1994 conviction for driving while his license was suspended and a 1997 arrest
for reckless driving.

 Cory Magee and Tracey Mayo sued Violante, G & H Towing, Colson, and
others under theories of negligence, negligent hiring, and negligent entrustment. 
Magee and Mayo asserted claims against G & H Towing both directly and vicariously
through Colson, G & H's employee. G& H Towing and Colson each filed motions
for summary judgment, which the trial court granted, rendering two interlocutory
take-nothing summary judgments. The trial court severed each of the two summary
judgments into separate cases, making a separate final summary judgment in favor of
G& H Towing and another separate final summary judgment in favor of Colson.

Discussion

 In their appeal against G & H Towing, Magee and Mayo bring five issues. The
first issue asserts that the probate court rendered summary judgment on a claim that
was not raised in G & H Towing's motion for summary judgment, i.e., G & H
Towing's vicarious liability for Colson's alleged negligent entrustment of his truck
to Violante. See, e.g., McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341
(Tex. 1993) (holding motion for summary judgment must itself expressly present
grounds on which it is made).

 G & H Towing's motion for summary judgment recites the specific grounds:

BASIS OF THE MOTION

 In applying all relevant authorities and principles to the facts of
this case, it will become obvious that Plaintiffs' theories of liability
against G & H lack merit. G & H is entitled to summary judgment for
the following reasons:

 1. Negligence: G & H cannot be held vicariously liable for
the actions of Joseph Violante. Mr. Violante was not in the
course and scope of his employment with G & H at the
time of the accident. Violante was off duty, drinking at a
men's club. None of Violante's actions or activities that
day were in furtherance of G & H's business, or for the
accomplishment of the object for which Violante was
employed as a Quartermaster on a towing vessel.

 2. Negligent hiring: Nothing in the way G & H hired,
trained, retained or supervised its employees constitutes a
breach of any duty owed to Plaintiffs, nor could it have
been the proximate cause of the Magees' deaths.

 3. Negligent Entrustment: G & H is not the owner of the
truck and, as a matter of law, could not entrust the truck to
Violante. Assuming, arguendo, that G & H could be
considered the "entruster" of Colson's truck to Violante
(which G & H specifically denies), Violante was a licensed
driver and presumed to be competent. G & H had no duty
to inquire further into Violante's driving history, as his job
duties did not involve operation of a land-based vehicle
while in the course and scope of his employment. To the
contrary, Violante was a First Mate/Quartermaster on a
tugboat.

While G & H's motion for summary judgment contains a specific ground concerning
the claim of G & H's negligent entrustment, the motion does not specifically address
the claim that G & H was vicariously liable for Colson's alleged negligent
entrustment.

 Magee and Mayo responded to G & H's motion for summary judgment and
pointed out that the motion did not address the vicarious-liability claim for Colson's
negligent entrustment. G & H filed a reply to Magee and Mayo's summary-judgment
response, in which G & H stated "[o]ne of Plaintiffs' primary liability theories against
G & H is that G & H has respondeat superior liability for Colson's negligent
entrustment of his (Colson's) vehicle to Violante which occurred while Colson was
an agent of G & H in the course and scope of his employment with G & H." G & H's
reply then specifically addresses the summary-judgment evidence concerning
Colson's knowledge of Violante's driving record and ability.

 We hold that G & H's motion for summary judgment did not expressly present
the ground for G & H's vicarious liability for Colson's alleged negligent entrustment
of his truck to Violante. The motion is therefore legally insufficient as a matter of
law in regard to that ground. See McConnell, 858 S.W.2d at 342. We, therefore,
sustain issue 1.

 Magee and Mayo's remaining four issues concern matters that under normal
circumstances would not be appealable if the trial court had not erroneously rendered
a final judgment. Under Bandera Electric Cooperative, Inc. v. Gilcrest, the supreme
court has directed us to treat an erroneous final summary judgment as a final
judgment for purposes of appeal and reach all of appellant's issues or points of error. 
See Bandera, 946 S.W.2d 336, 337 (Tex. 1997); see also Tex. R. App. P. 47.1 ("The
court of appeals must hand down a written opinion that is as brief as practicable but
that addresses every issue raised and necessary to final disposition of the appeal."). 
Magee and Mayo, however, have conditioned the submission of issues 2, 3, 4, and 5,
asking this Court to consider those issues only in the event that issue 1 is overruled. 
Because nothing in Bandera prevents an appellant from conditioning the submission
of an issue or point of error, we do not reach issues 2, 3, 4, and 5. (1)


Colson appeal

 In their appeal against Colson, Magee and Mayo bring two issues. First , they
argue they have produced legally sufficient evidence of each element of negligent
entrustment, such that the trial court erred in granting Colson's Texas Rule of Civil
Procedure 166a(c) and 166a(i) motions for summary judgment. Second, Magee and
Mayo argue that Colson's motion for summary judgment contained no other basis on
which the trial court could properly render summary judgment, because they are not
required to present evidence that the accident occurred while Violante was using the
vehicle in a manner permitted by Colson.

 Magee and Mayo's negligent-entrustment claim against Colson required them
to show that: (1) Colson entrusted the vehicle to Violante; (2) Violante was an
unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, Colson
knew or should have known that Violante was an unlicensed, incompetent, or reckless
driver; (4) Violante was negligent on the occasion in question; and (5) Violante's
negligence proximately caused the accident. See Goodyear Tire & Rubber Co. v.
Mayes, 236 S.W.3d 754, 758 (Tex. 2007) (citing Schneider v. Esperanza
Transmission Co., 744 S.W.2d 595, 596 (Tex. 1987)). Colson's Rule 166a(i)
(no-evidence) motion for summary judgment claimed that Magee and Mayo had no
evidence of elements 1, 2, and 3. Colson's Rule 166a(c) motion for summary
judgment alleged that as a matter of law Colson negated elements 2 and 3.

 We first address the no-evidence summary judgment. A no-evidence summary
judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed
verdict; it requires the nonmoving party to present evidence raising a genuine issue
of material fact supporting each element contested in the motion. See Tex. R. Civ.
P. 166a(i); Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310 (Tex. 2009). When
reviewing a no-evidence summary judgment, we "review the evidence presented by
the motion and response in the light most favorable to the party against whom the
summary judgment was rendered, crediting evidence favorable to that party if
reasonable jurors could, and disregarding contrary evidence unless reasonable jurors
could not." Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006) (citing
City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005); Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193, 208 (Tex. 2002)).

 The crux of Colson's summary-judgment argument is that Magee and Mayo
have not presented any evidence of the third element of their negligent-entrustment
claim: that at the time of the entrustment, Colson knew or should have known that
Violante was an unlicensed, incompetent, or reckless driver. It is undisputed that
Violante held a valid Texas drivers license. The summary-judgment evidence also
shows that Violante had a poor driving record, as well as a criminal record for driving
offenses. Magee and Mayo, however, do not cite to any summary-judgment evidence
to show that Colson had actual knowledge that Violante was an incompetent or
reckless driver. (2) The question, then, is whether Colson, individually, should have
known; that is, did he have an independent duty to investigate Violante's competence
as a driver before allowing Violante to drive his truck? We hold he did not.

 Transportation Code section 521.458(b) states, "A person may not authorize
or knowingly permit a motor vehicle owned by or under the control of the person to
be operated on a highway by any person in violation of this chapter [521]." Tex.
Transp. Code Ann. § 521.458(b) (Vernon 2007). Transportation Code section
521.021 requires a person to hold a driver's license in order to operate a motor
vehicle on a highway. Tex. Transp. Code Ann. § 521.021 (Vernon 2007). Texas
law, however, does not generally place an affirmative duty on a person who owns or
has control over a motor vehicle to investigate another person's competency to drive,
so long as the prospective driver possesses a valid, unrestricted driver license. See
Batte v. Hendricks, 137 S.W.3d 790, 791 (Tex. App.--Dallas 2004, pet. denied);
Avalos v. Brown Auto. Ctr., Inc., 63 S.W.3d 42, 48 (Tex. App.--San Antonio 2001,
no pet.); Bartley v. Budget Rent-A-Car Corp., 919 S.W.2d 747, 752 (Tex.
App.--Amarillo 1996, writ denied). Magee and Mayo do not argue that a special
relationship existed between Colson and Violante that would alter this general rule.

 We hold that Magee and Mayo have not presented any evidence of the third
element of their negligent-entrustment claim. Because there is no evidence that
Colson knew or should have known that Violante was an incompetent or reckless
driver, the trial court correctly rendered a no-evidence summary judgment that Magee
and Mayo take nothing from Colson. We therefore overrule the portion of the first
issue relating to the no-evidence summary judgment. Because the trial court correctly
rendered a no-evidence summary judgment, we do not reach the remaining issues in
the Colson appeal.

Conclusion

 In trial court case number 350605-402 (appellate case number
01-07-00572-CV), we reverse the summary judgment in favor of G & H Towing and
remand the case to the trial court for further proceedings. In trial court case number
350605-401 (appellate case number 01-07-00837-CV), we affirm the take-nothing
summary judgment.




 Sam Nuchia

 Justice


Panel consists of Chief Justice Radack and Justices Higley and Nuchia. (3)

Chief Justice Radack dissenting without opinion to the judgment in appellate case
number 01-07-00572-CV.
1. An appellant who believes that the trial court has erroneously rendered
a final summary judgment must bring any other issues or points of error
in the appeal, because if the court of appeals overrules the issue or point
regarding the alleged erroneous final summary judgment, then the
appellant either brings the other allegations of error or loses the
opportunity for appellate review. If the appellant conditions the other
issues or points and the court of appeals sustains the issue or point
regarding the erroneous final summary judgment, then on remand to the
trial court the appellant can ask the trial court to reconsider the
remaining interlocutory summary-judgment order.
2. Magee and Mayo do cite to Colson's summary-judgment deposition
testimony, in which Colson stated he did not like "handing my keys over
to a potential stranger" because of the "liability issues." This, however,
is not evidence that Colson had actual knowledge that Violante was an
incompetent or reckless driver.
3. Justice Sam Nuchia, who retired from the First Court of Appeals
effective January 1, 2009, continues to sit by assignment for the
disposition of this case, which was submitted on November 25, 2008.