Cory Wayne **MAGEE, Individually, and Tracey D'Ann Mayo, Individually and as Legal Representative of the Estate of Douglas Emery Magee, Deceased, and the Estate of Lois Ann Magee, Deceased, Appellants,**

v.

**G & H TOWING COMPANY, Appellee.**

**and**

Cory Wayne **Magee, Individually, and Tracey D'Ann Mayo, Individually and as Legal Representative of the Estate of Douglas Emery Magee, Deceased, and the Estate of Lois Ann Magee, Deceased, Appellants,**

v.

**William C. Colson, Appellee.**

**Nos. 01–07–00572–CV, 01–07–00837–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 30, 2009.

Rehearing Overruled Jan. 14, 2010.

Benjamin L. Hall III, Elizabeth B. Hawkins, The Hall Law Firm, Kathryn V. Smyser, Bond & Smyser LLP, Houston, TX, for Appellants.

Mike Johanson, Paul Gregory Laughlin, Johanson & Fairless, LLP, Sugar Land, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices HIGLEY and NUCHIA.*

## OPINION

SAM NUCHIA, Justice.

In these two related appeals, the probate court granted motions for summary judgment filed by appellees G & H Towing Company (trial court case number 350605–402; appellate case number 01–07–00572–CV) and William C. Colson (trial court case number 350605–401; appellate case number 01–07–00837–CV). The probate court severed the claims against each appellee, making each summary judgment final. The appellants are (1) Cory Wayne Magee, individually, and (2) Tracey D'Ann Mayo, individually and as legal representative of the estate of Douglas Emery Magee, deceased, and the estate of Lois Ann Magee, deceased. We reverse the summary judgment in favor of G & H Towing and affirm the summary judgment in favor of Colson.

## Background

Douglas Magee and Lois Magee died from injuries resulting from a collision between their car and a truck driven by Joseph Violante. At the time of the collision, Violante was leaving the premises of a bar where he had been drinking. Violante was subsequently convicted of intoxication manslaughter and sentenced to four years' imprisonment, probated. See TEX. PENAL CODE ANN. §§ 49.08(a), .09(a) (Vernon Supp.2009).

William Colson owned the truck Violante was driving. Both Colson and Violante were employed by G & H Towing as tugboat quartermasters. The two men worked on the same tugboat in a schedule in which one man worked for a period of several days, then the other man relieved him and worked for a similar period.

Because the tugboats did not have a regular route that allowed each man to disembark at the end of his duty shift at the same place that he started, if Colson was relieving Violante, Colson would allow Violante to use his vehicle to drive home, and vice versa. There is summary-judgment evidence that this was a routine practice for employees of G & H Towing. There is also summary-judgment evidence that G & H conducted background checks on employees who drove company vehicles and evidence that G & H did not conduct background checks on employees who shared personal vehicles in situations similar to Colson and Violante's work schedule.

Violante's prior driving record included a February 2002 injury accident, a February 2003 ticket for speeding and no liability insurance, a May 2003 ticket for an excessively wide turn, and a November 2003 injury accident. In addition, Violante had a 1994 conviction for driving while his license was suspended and a 1997 arrest for reckless driving.

Cory Magee and Tracey Mayo sued Violante, G & H Towing, Colson, and others under theories of negligence, negligent hiring, and negligent entrustment. Magee and Mayo asserted claims against G & H Towing both directly and vicariously through Colson, G & H's employee. G & H Towing and Colson each filed motions for summary judgment, which the trial court granted, rendering two interlocutory take-nothing summary judgments. The trial court severed each of the two summary judgments into separate cases, mak-

---

* Justice Sam Nuchia, who retired from the First Court of Appeals effective January 1, 2009, continues to sit by assignment for the disposition of this case, which was submitted on November 25, 2008.

ing a separate final summary judgment in favor of G & H Towing and another separate final summary judgment in favor of Colson.

## Discussion

■ In their appeal against G & H Towing, Magee and Mayo bring five issues. The first issue asserts that the probate court rendered summary judgment on a claim that was not raised in G & H Towing's motion for summary judgment, *i.e.*, G & H Towing's vicarious liability for Colson's alleged negligent entrustment of his truck to Violante. *See, e.g., McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993) (holding motion for summary judgment must itself expressly present grounds on which it is made).

G & H Towing's motion for summary judgment recites the specific grounds:

### BASIS OF THE MOTION

In applying all relevant authorities and principles to the facts of this case, it will become obvious that Plaintiffs' theories of liability against G & H lack merit. G & H is entitled to summary judgment for the following reasons:

1. **Negligence:** G & H cannot be held vicariously liable for the actions of Joseph Violante. Mr. Violante was not in the course and scope of his employment with G & H at the time of the accident. Violante was off duty, drinking at a men's club. None of Violante's actions or activities that day were in furtherance of G & H's business, or for the accomplishment of the object for which Violante was employed as a Quartermaster on a towing vessel.

2. **Negligent hiring:** Nothing in the way G & H hired, trained, retained or supervised its employees constitutes a breach of any duty owed to Plaintiffs, nor could it have been the proximate cause of the Magees' deaths.

3. **Negligent Entrustment:** G & H is not the owner of the truck and, as a matter of law, could not entrust the truck to Violante. Assuming, *arguendo*, that G & H could be considered the "entruster" of Colson's truck to Violante (which G & H specifically denies), Violante was a licensed driver and presumed to be competent. G & H had no duty to inquire further into Violante's driving history, as his job duties did not involve operation of a land-based vehicle while in the course and scope of his employment. To the contrary, Violante was a First Mate/Quartermaster on a tugboat.

While G & H's motion for summary judgment contains a specific ground concerning the claim of G & H's negligent entrustment, the motion does not specifically address the claim that G & H was vicariously liable for Colson's alleged negligent entrustment.

Magee and Mayo responded to G & H's motion for summary judgment and pointed out that the motion did not address the vicarious-liability claim for Colson's negligent entrustment. G & H filed a reply to Magee and Mayo's summary-judgment response, in which G & H stated "[o]ne of Plaintiffs' primary liability theories against G & H is that G & H has *respondeat superior* liability for Colson's negligent entrustment of his (Colson's) vehicle to Violante which occurred while Colson was an agent of G & H in the course and scope of his employment with G & H." G & H's reply then specifically addresses the summary-judgment evidence concerning Colson's knowledge of Violante's driving record and ability.

We hold that G & H's motion for summary judgment did not expressly present

the ground for G & H's vicarious liability for Colson's alleged negligent entrustment of his truck to Violante. The motion is therefore legally insufficient as a matter of law in regard to that ground. *See McConnell,* 858 S.W.2d at 342. We, therefore, sustain issue 1.

■■■ Magee and Mayo's remaining four issues concern matters that under normal circumstances would not be appealable if the trial court had not erroneously rendered a final judgment. Under *Bandera Electric Cooperative, Inc. v. Gilchrist,* the supreme court has directed us to treat an erroneous final summary judgment as a final judgment for purposes of appeal and reach all of appellant's issues or points of error. *See Bandera,* 946 S.W.2d 336, 337 (Tex.1997); *see also* TEX.R.APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). Magee and Mayo, however, have conditioned the submission of issues 2, 3, 4, and 5, asking this Court to consider those issues only in the event that issue 1 is overruled. Because nothing in *Bandera* prevents an appellant from conditioning the submission of an issue or point of error, we do not reach issues 2, 3, 4, and 5.[1]

## Colson appeal

In their appeal against Colson, Magee and Mayo bring two issues. First, they argue they have produced legally sufficient evidence of each element of negligent entrustment, such that the trial court erred in granting Colson's Texas Rule of Civil Procedure 166a(c) and 166a(i) motions for summary judgment. Second, Magee and Mayo argue that Colson's motion for summary judgment contained no other basis on which the trial court could properly render summary judgment, because they are not required to present evidence that the accident occurred while Violante was using the vehicle in a manner permitted by Colson.

■■■ Magee and Mayo's negligent-entrustment claim against Colson required them to show that: (1) Colson entrusted the vehicle to Violante; (2) Violante was an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, Colson knew or should have known that Violante was an unlicensed, incompetent, or reckless driver; (4) Violante was negligent on the occasion in question; and (5) Violante's negligence proximately caused the accident. *See Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 758 (Tex.2007) (citing *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987)). Colson's Rule 166a(i) (no-evidence) motion for summary judgment claimed that Magee and Mayo had no evidence of elements 1, 2, and 3. Colson's Rule 166a(c) motion for summary judgment alleged that as a matter of law Colson negated elements 2 and 3.

We first address the no-evidence summary judgment. A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party

---

1. An appellant who believes that the trial court has erroneously rendered a final summary judgment must bring any other issues or points of error in the appeal, because if the court of appeals overrules the issue or point regarding the alleged erroneous final summary judgment, then the appellant either brings the other allegations of error or loses the opportunity for appellate review. If the appellant conditions the other issues or points and the court of appeals sustains the issue or point regarding the erroneous final summary judgment, then on remand to the trial court the appellant can ask the trial court to reconsider the remaining interlocutory summary-judgment order.

to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *See* Tex.R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 310 (Tex.2009). When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex.2006) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005); *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 208 (Tex.2002)).

■ The crux of Colson's summary-judgment argument is that Magee and Mayo have not presented any evidence of the third element of their negligent-entrustment claim: that at the time of the entrustment, Colson knew or should have known that Violante was an unlicensed, incompetent, or reckless driver. It is undisputed that Violante held a valid Texas drivers license. The summary-judgment evidence also shows that Violante had a poor driving record, as well as a criminal record for driving offenses. Magee and Mayo, however, do not cite to any summary-judgment evidence to show that Colson had actual knowledge that Violante was an incompetent or reckless driver.[2] The question, then, is whether Colson, individually, should have known; that is, did he have an independent duty to investigate Violante's competence as a driver before allowing Violante to drive his truck? We hold he did not.

Transportation Code section 521.458(b) states, "A person may not authorize or knowingly permit a motor vehicle owned by or under the control of the person to be operated on a highway by any person in violation of this chapter [521]." Tex. Transp. Code Ann. § 521.458(b) (Vernon 2007). Transportation Code section 521.021 requires a person to hold a driver's license in order to operate a motor vehicle on a highway. Tex. Transp. Code Ann. § 521.021 (Vernon 2007). Texas law, however, does not generally place an affirmative duty on a person who owns or has control over a motor vehicle to investigate another person's competency to drive, so long as the prospective driver possesses a valid, unrestricted driver license. *See Batte v. Hendricks,* 137 S.W.3d 790, 791 (Tex.App.-Dallas 2004, pet. denied); *Avalos v. Brown Auto. Ctr., Inc.,* 63 S.W.3d 42, 48 (Tex.App.-San Antonio 2001, no pet.); *Bartley v. Budget Rent–A–Car Corp.,* 919 S.W.2d 747, 752 (Tex.App.-Amarillo 1996, writ denied). Magee and Mayo do not argue that a special relationship existed between Colson and Violante that would alter this general rule.

We hold that Magee and Mayo have not presented any evidence of the third element of their negligent-entrustment claim. Because there is no evidence that Colson knew or should have known that Violante was an incompetent or reckless driver, the trial court correctly rendered a no-evidence summary judgment that Magee and Mayo take nothing from Colson. We therefore overrule the portion of the first issue relating to the no-evidence summary judgment. Because the trial court correctly rendered a no-evidence summary judgment, we do not reach the remaining issues in the Colson appeal.

---

**2.** Magee and Mayo do cite to Colson's summary-judgment deposition testimony, in which Colson stated he did not like "handing my keys over to a potential stranger" because of the "liability issues." This, however, is not evidence that Colson had actual knowledge that Violante was an incompetent or reckless driver.

## Conclusion

In trial court case number 350605–402 (appellate case number 01–07–00572–CV), we reverse the summary judgment in favor of G & H Towing and remand the case to the trial court for further proceedings. In trial court case number 350605–401 (appellate case number 01–07–00837–CV), we affirm the take-nothing summary judgment.

Chief Justice RADACK dissenting without opinion to the judgment in appellate case number 01–07–00572–CV.