Florencio **MARTINEZ**, Petitioner,

v.

**HUMBLE SAND & GRAVEL, INC. et al., Respondent.**

No. D–4393.

Supreme Court of Texas.

April 20, 1994.

---

**312**

John W. Cliff, Odessa, for petitioner.

Dale Dowell, Paul J. Holmes, Barbara Jane Barron and Jo Ben Whittenburg, Beaumont, Steve A. Bryant, Allen R. Till, Ronald T. Hancock, Michael K. Bell, Ned Johnson and David Brill, Houston, John A. Davis, Jr., W. Bruce Williams and Rick G. Strange, Midland, Hunter T. Hillin, Corpus Christi, Ray Stoker, Randal Patterson and James M. Rush, Odessa, Michael B. Hughes, George P. Pappas and Michele Barber Chimene, Galveston, Timothy Yeates, Big Spring and Cecily Shull Ticer, Dallas, for respondent.

## PER CURIAM.

This appeal involves a summary judgment in a multiple-defendant products liability action. The trial court granted summary judgment to some, but apparently not all, defendants, and the court of appeals affirmed. 860 S.W.2d 467. We conclude that the severance order, which purported to allow additional defendants to be added to the severed "final" judgment after the date the order was signed, was necessarily an interlocutory order and therefore not appealable. Because the court of appeals should not have taken jurisdiction of the appeal, we reverse the judgment of the court of appeals and dismiss the appeal.

■ This cause presents the frequently recurring problem of what severance order produces a final judgment. The well-established rule is that to be a "final" judgment subject to appeal, the judgment must dispose of all parties and all issues. *Northeast Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). To unambiguously indicate that the judgment is final, it may recite that "all relief not expressly granted is denied." *Id.* at 898. After a conventional trial on the merits, even absent clear language, the appellate court may draw the inference the judgment was meant to be final. *Id.* at 898. We have held that other hearings producing other types of orders, including summary judgments which may be only partial, are *not* presumed to be final and appealable. *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex.1993).

■ When the problem is that an otherwise final judgment fails to dispose of all parties, the court may make the judgment final for purposes of appeal by severing the causes and parties disposed of by the judgment into a different cause. To be "severable" as to the affected parties the causes must be capable of being brought as a separate suit with a separate final judgment rendered thereon. *Kansas Univ. Endowment*

*Ass'n v. King,* 162 Tex. 599, 612, 350 S.W.2d 11, 19 (1961).

■ When a severance order takes effect, the appellate timetable runs from the signing date of the order that made the judgment severed "final" and appealable. Depending on the sequence in which the judge signs the documents, the relevant signing date and order may be either the judgment or severance order. Several of our recent decisions have rejected constructions of severances, such as requiring physically separate case files or newly-assigned cause numbers, that would have the effect of depriving or deceiving a party out of the right to appeal. *McRoberts v. Ryals,* 863 S.W.2d 450, 455 (Tex.1993); *Mueller v. Saravia,* 826 S.W.2d 608, 609 (Tex.1992) (per curiam). The order in the present case suffers from a similar defect.

Several defendants moved for summary judgment on grounds that the statute of limitations had run; the several other defendants failed to make such a motion. The trial court granted the motions in a single order which recited:

> ORDERED, ADJUDGED and DE-CREED that the Motion[s] are in all things granted and that Plaintiff's cause of action against those Defendants is dismissed.

> It is further ORDERED, ADJUDGED and DECREED that Summary Judgment is proper as to all remaining Defendants.

The printed form of the draft order presented to the judge had recited that summary judgment was rendered in favor of all remaining defendants, without regard to whether they had filed a summary judgment motion. The judge had interlineated the substitute language, "proper as to all remaining defendants." The trial court later signed a "severance order" which had the stated intention of making the summary judgment final and subject to appeal. This order contained two paragraphs which purported to allow (if not invite) additional defendants, after the date of the order, to file late summary judgment motions and become severed into the appealable judgment:

> IT IS, THEREFORE, ORDERED that the cause of action asserted by FLOREN-CIO MARTINEZ, Plaintiff and all cross-claims brought by the Cross–Plaintiffs in this suit against TEX BLAST SAND-BLASTING CO., INC., Defendant and relating to the disease of silicosis allegedly sustained by the Plaintiff be, and the same hereby are, severed from this action and made the subject of a separate action, and that the claims proceed as such to final judgment or other disposition in this court under the style of FLORENCIO MAR-TINEZ v. TEX BLAST SANDBLAST-ING CO., INC. and bear docket number C–81,544 X.

> IT IS ORDERED that separate judgments be entered in the several causes, each judgment to be final and to dispose completely of all of the issues between all parties in the respective suits. * * *

> All relief requested and not expressly granted is denied.

Thereafter, several additional defendants filed motions for summary judgment "adopting" the successful ones, and were purportedly included in the parties defendant from which appeal of the judgment was taken.

■ The appellate rules provide that deadlines run from the date the judgment or order is *signed.* TEX.R.APP.P. 5(b)(1). On its face, the severance order would allow defendants to be added *after* the time allowed for appeal had expired. Since motions and orders created and dated after the severance order would be necessary for the appeal, an appellant could never specify an adequate transcript for a timely appeal. Put another way, the order creates an inherent conflict between the two rules that appellate deadlines run from the signing of the order, and that a party cannot be subject to the appeal until the judgment or order actually applies to the party. *See generally Aldridge,* 400 S.W.2d at 895. The treatment most consistent with our rules, expressed both in the Rules of Appellate Procedure and our cases, is that the order and judgment are necessarily interlocutory as to such added parties. Because all the parties disposed of are not specified as of the date the order is signed, it must be interlocutory also as to the

defendants originally moving for summary judgment. We hold that such an order necessarily contemplates a later "final" order unambiguously designating all parties encompassed by the order as of the date it is signed.

Without hearing oral argument, a majority of the court grants the application for writ of error, reverses the judgment of the court of appeals, and renders judgment dismissing the appeal. TEX.R.APP.P. 170.