TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00090-CV







Sea-Gun Owners Association and Sea-Gun Sports Inn, Inc., Appellants



v.



State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 94-11207, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING







PER CURIAM




 Appellants Sea-Gun Owners Association and Sea-Gun Sports Inn, Inc. perfected
an appeal from a partial summary judgment in appellee State of Texas' action against Sea-Gun. 
On February 15, 1995, the Clerk of this Court filed Sea-Gun's motion to extend time to file the
transcript and the statement of facts and docketed the appeal. See Tex. R. App. P. 18, 57(a). By
letters dated February 17 and May 18, the Clerk notified Sea-Gun that neither the motion nor
supporting exhibits showed a basis for an appeal of an interlocutory, partial summary judgment. 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, .014 (West 1986 & Supp. 1995).

 The State notified the Court that third-party defendants in the proceeding below had
removed the proceeding to federal district court on January 24. See 28 U.S.C. § 1446(a) (1988). 
The Travis County district clerk filed the notice of filing of notice of removal on January 26. See
28 U.S.C. § 1446(d) (1988). The federal district court rendered its order of remand of the State's
claims against Sea Gun on May 16. See 28 U.S.C. § 1447(c) (1988). The Clerk of this Court
then directed Sea-Gun to submit an amended motion to extend addressing the questions of the
Travis County district court's jurisdiction to render the partial summary judgment on January 28,
after removal to federal court; and of the appealability of the partial summary judgment. See Tex.
R. App. P. 60(a)(2). Sea-Gun has not responded.

 Based upon information set out in the documents filed here, the district court's
partial summary judgment is void because signed after the third party defendants removed the
proceeding to federal court. 28 U.S.C. § 1446(d) (1988); Meyerland Co. v. Federal Deposit Ins.
Co., 848 S.W.2d 82, 83 (Tex. 1993); see Richard Orsinger, 6 Texas Civil Practice § 12.42
(Diane M. Allen et al. eds., 1992 ed. & Supp. 1994). It appears, therefore, that the motion or
motions on which the partial summary judgment was based remain pending in district court.

 However, we will dismiss the appeal because the motion to extend (1) does not show
a basis for an appeal of a partial summary judgment in this instance. In the absence of a statute
that makes an interlocutory judgment appealable, a judgment must dispose of all issues and parties
in the case to be final and appealable. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d
677, 678 (Tex. 1990); North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). 
A partial summary judgment is not presumed to be final. Martinez v. Humble Sand & Gravel,
Inc., 875 S.W.2d 311, 312 (Tex. 1994). The documents now before this Court (2) do not show that
the partial summary judgment is an appealable, interlocutory order. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014 (West Supp. 1995). Furthermore, Sea-Gun has not amended the motion, as
requested, to show a basis for the appeal.

 Accordingly, we dismiss the appeal for want of jurisdiction. Martinez, 875 S.W.2d
at 314; Sanchez, 799 S.W.2d at 679. We also dismiss the motion to extend time to file the
transcript and statement of facts.


Before Justices Powers, Kidd and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: June 21, 1995

Do Not Publish

1. [1]  In its motion, Sea Gun requests an extension of time to file the transcript and statement of
facts "because they will not be available to Appellants." In the February 17 and May 18 letters,
the Clerk directed Sea-Gun to submit an amended motion showing a basis for the appeal of a
partial summary judgment. To date, Sea-Gun has not responded. 
2. [2]  Sea-Gun's notice of appeal states that the trial court signed a partial summary judgment on
January 28 and that Sea-Gun desires "to appeal from this judgment . . . ." Sea-Gun made a cash
deposit with the district clerk of Travis County on January 30. See Tex. R. App. P. 40(a), 42.