TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00627-CV






The State of Texas, Appellant



v.



Texas Medical Liability Trust, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 94-02871, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 






 The State of Texas ("State"), through its Attorney General, appeals a trial court's
order dismissing its Objection to Indemnification for lack of subject matter jurisdiction. After
sorting out the procedural morass over a $5000 case, we will dismiss the appeal.


DISCUSSION

 Pursuant to statute, appellee, Texas Medical Liability Trust ("TMLT"), sought
indemnification from the State in the amount of $5000 for settlement of a claim against Dr. Walter
F. Moreano. (1) The State objected to indemnification and filed its objection ("Moreano Objection")
in the Travis County district court on August 25, 1994. Due to its practice of filing multiple
objections in the same cause number, the State filed the Moreano Objection under an existing
cause number: 94-02871. This cause number was originally docketed in March 1994 when the
State filed an Objection to Indemnification as to Dr. Raul Capitaine ("Capitaine Objection"). 
Ultimately, the State filed nine separate and unrelated objections under this one cause number,
each styled as an objection to indemnification.

 On June 29, 1994, Judge Mary Pearl Williams rendered an order that overruled the
State's Objection to Indemnification of Dr. Capitaine. (2) Months later, on October 19, 1994, Judge
Paul Davis held a hearing regarding the Moreano Objection. Both the statement of facts and an
entry in the docket sheet suggest that Judge Davis was concerned about the trial court's
jurisdiction over the Moreano Objection in light of the fact the original case filed in March 1994,
the Capitaine Objection, already had concluded with a final order. Due to the rule allowing only
one final judgment per case, he questioned the trial court's ability to decide the Moreano and
remaining objections since they were filed under the same cause number in which a final decision
had been rendered. (3) However, he permitted the parties to argue the merits of the objection,
stating at the conclusion of the hearing that he was either going to dismiss the case for want of
jurisdiction or deny the State's objection. The docket entry noted: "Subject to consideration of
State's brief on viability of claim based on jurisdiction of this Court, State's Objection to
Indemnification of Moreano claim is denied." (4)

 A few days later, before signing an order on the Moreano Objection, Judge Davis
granted a Motion for Severance filed by the District Clerk for Travis County. The severance
order, signed October 28, 1994, ordered that all issues and matters in cause number 94-02871 be
severed and docketed as separate, unrelated causes of action and recited that all parties had agreed
to a severance. The Capitaine Objection was to retain the initial cause number, 94-02871, but be
restyled "Juan Lopez v. Raul Capitaine, M.D." The severed cases also were to be assigned new
cause numbers and similarly restyled, with the State permitted to intervene. The appellate record
reflects that on October 28, 1994, the date on which the severance order was signed, the Moreano
Objection was restyled "Theresa Lewing v. Walter F. Moreano, M.D.," the case was assigned
cause number 94-02871-A, and a docket sheet for the case was created. Three days later, on
October 31, 1994, the State also filed its own motion requesting that the Moreano Objection be
severed from cause number 94-02871. (5) The Moreano Objection remained pending for almost
three years under cause number 94-02871-A.

 The next activity relating to the Moreano Objection did not occur until late April
1997. At that time, the district clerk sent notice to the State that cause number 94-02871-A, styled
"In Re: State of Texas[sic] Objection to Indemnification," would be dismissed for want of
prosecution unless a motion to retain was filed. Apparently, no motion to retain was filed, and
Judge Joseph Hart dismissed cause number 94-02871-A, which was the Moreano Objection, on
August 4, 1997. On August 19, 1997, the clerk sent the State notice that the case had been
dismissed for want of prosecution on the trial court's own motion. Nevertheless, the appellate
record does not reflect that the State filed a motion to reinstate the case or appealed from the trial
court's August 4, 1997 dismissal order.

 For some reason not apparent from the appellate record, Judge Davis then signed
a dismissal order in the original cause number 94-02871, even though the judgment in the
Capitaine Objection had become final. Although the order was filed August 19, 1997, it is dated
August 19, 1994, and purports to dismiss the cause for lack of subject matter jurisdiction based
on a hearing that occurred October 19, 1994. Judge Davis signed a second order in the original
cause styled "Dismissal for Want of Jurisdiction Nunc Pro Tunc" on September 18, 1997. 
Presumably, the nunc pro tunc order seeks to clarify the previous dismissal order rendered in
cause number 94-02871, but it does not expressly reflect which order it supersedes or the date
from which it speaks. The date of signing is the only difference between the two orders. The
September 18, 1997 nunc pro tunc order originally was styled "Theresa Lewing v. Walter F.
Moreano, M.D.," but this language had been marked out and "In Re: State of Texas[sic]
Objection to Indemnification" substituted. It states:


On October 19, 1994, came on to be considered the Objection to Indemnification
Pursuant to a Settlement filed by the State of Texas, acting through Dan Morales,
Attorney General of Texas. The Court, having considered the Motion, finds that
the Court lacks subject matter jurisdiction.


It is accordingly ORDERED that the Objection to Indemnification is hereby
dismissed.



It is from the September 18, 1997 order in cause number 94-02871 that the State now files this
appeal concerning the Moreano Objection.

 In its sole point of error, the State claims that the trial court improperly dismissed
its Objection to Indemnification as to the Moreano claim for lack of subject matter jurisdiction
because (1) the court has jurisdiction of such claims and (2) filing several objections under the
same cause number should not deprive the court of subject matter jurisdiction under the one final
judgment rule. Even assuming the State's legal contentions are correct, however, the State's
position on appeal misses the mark. 

 In its briefing to the Court, the State ignores the fact that the Moreano Objection
had been dismissed for want of prosecution. (6) We could only reach the merits of the arguments
advanced in the State's brief if we were to make numerous leaps and assumptions. To begin with,
we would have to ignore the fact that the Moreano Objection had been severed, assigned a
different cause number, allowed to languish, and already dismissed for want of prosecution. We
would need to conclude that the orders rendered in cause number 94-02871, both the August 19,
1997 dismissal order and the September 18, 1997 nunc pro tunc order, relate to the Moreano
Objection although they do not recite this fact. Next, we would have to hold that the September
18, 1997 nunc pro tunc order speaks of the date of the earlier August 19, 1997 dismissal for lack
of jurisdiction so as to invoke the trial court's plenary power following the dismissal for lack of
prosecution in the 94-02871-A case. Lastly, in order to dismiss the cause for a different reason,
we would have to assume that the August 19, 1997 dismissal for lack of jurisdiction supersedes
the August 4, 1997 dismissal for want of prosecution. We find nothing, though, on the face of
either the August 19, 1997 dismissal order or the September 18, 1997 nunc pro tunc order, which
allegedly replaces it, to suggest that they were ever intended to refer to any cause number other
than the one they bear: 94-02871. Our review of the appellate record does not change this
conclusion.

 Whereas the severed Moreano Objection was assigned cause number 94-02871-A,
the September 18, 1997 order bears cause number 94-02871, which Judge Davis assigned solely
to the Capitaine Objection and which had a final judgment rendered nearly three years prior. 
Although the original caption of the order was styled "Theresa Lewing v. Walter F. Moreano,
M.D.," this language was marked out, and the pre-severance style of the Objection cases, "In Re:
State of Texas[sic] Objection to Indemnification," substituted. Nowhere in the body of the
September 18, 1997 order is the Moreano Objection specifically referenced; rather, the order
generically refers to "Objection to Indemnification." Additionally, the September 18, 1997 order
mentions an October 19, 1994 hearing, and, while the Moreano Objection was still under cause
number 94-02871, a hearing on the claim was held on this same date. At that hearing, the trial
court was concerned about jurisdiction over all the pending objection cases since a judgment
already had been rendered in one of the cases. That the September 18, 1997 order dismisses the
cause number for lack of jurisdiction is further evidence that this order refers only to cause
number 94-02871. Moreover, there is no motion in our appellate record to link this order to the
Moreano Objection. In fact, the appellate record and the State's brief are silent as to any
precipitating cause for the September 18, 1997 order.

 Finally, unlike the State, we cannot disregard the fact that the Moreano Objection
had been dismissed for want of prosecution. A case so dismissed may only be reinstated if a party
files a timely motion to reinstate or the trial court reinstates the cause on its own motion within
thirty days after the dismissal. See Tex. R. Civ. P. 165a(3); Neese v. Wray, 893 S.W.2d 169,
170 (Tex. App.--Houston [1st Dist.] 1995, no writ). Since there is no motion for reinstatement
in our record, we would be forced to interpret the September 18, 1997 order as simultaneously
reinstating and dismissing the Moreano Objection. In additional to this troubling procedural
aspect, it would be nonsensical to conclude that the trial court would reinstate an already
dismissed case simply to dismiss it for a different reason.

 To summarize, the appellate record reveals that the trial court severed the
remaining objections from cause number 94-02871. The severance order recites that this was
done pursuant to the parties' agreement; both the clerk and State requested this action; and it does
not appear that any party objected to the severance. The Capitaine Objection retained cause
number 94-02871, and the previous order rendered in that case became final. See Martinez v.
Humble Sand & Gravel, Inc., 875 S.W.2d 311, 312-13 (Tex. 1994). The Moreano Objection was
assigned a new cause number: 94-02871-A. Almost three years later, the Moreano Objection was
placed on the trial court's dismissal docket, with specific notice of the pending dismissal sent to
the State. No action was taken by the State. Accordingly, the trial court dismissed the case for
want of prosecution. See Tex. R. Civ. P. 165a(4); Veterans' Land Bd. v. Williams, 543 S.W.2d
89, 90 (Tex. 1976). Despite the notice of dismissal sent to the State, our record does not suggest
that the State filed a motion to reinstate or appealed from the dismissal order. Thus, the August
4, 1997 order dismissing cause number 94-02871-A for want of prosecution is the final order
disposing of the Moreano Objection. The State has not demonstrated that it could revive its
objection by appealing from the September 18, 1997 order, which was rendered in a different
cause number and has no clear bearing on the Moreano Objection. Consequently, the August 4,
1997 dismissal of the Moreano Objection for want of prosecution is final. Because the State did
not appeal from the August 4, 1997 dismissal order, we overrule the State's point of error and
dismiss the appeal.



 


 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Appeal Dismissed

Filed: May 7, 1998

Do Not Publish
1. The statutory authority that provided for indemnification of health care officials who devoted
at least ten percent of their practice to charity expired September 1, 1997. See Tex. Civ. Prac.
& Rem. Code Ann. § 110.007 (West Supp. 1998).
2.   On June 2, 1994, a trial court rendered the first order disposing of one of the Objections to
Indemnification in cause number 94-02871
. The trial court's order required the State to indemnify
TMLT and R. Chandrasekharan, M.D.
3.   Texas Rule of Civil Procedure 301 provides, in part, that only one final judgment shall be
rendered in any cause except where it is otherwise specially provided by law. Tex. R. Civ. P.
301.
4. The docket entry was initialed "P.D." We therefore presume Judge Davis made the entry.
5. In its brief, the State explains that it was unaware of the District Clerk's motion and the
severance order until it filed notice of appeal and received a copy of the Clerk's Record.
6. During oral argument, the State did address the possibility that the Moreano Objection had
been dismissed for want of prosecution. The State claimed that, since the dismissal docket refers
to the case as "In Re: State of Texas[sic] Objection to Indemnification" rather than "Theresa
Lewing v. Walter F. Moreano, M.D.," it is unclear whether the August 4, 1997 order actually
refers to the Moreano Objection. However, it is very clear to us that the Moreano Objection was
assigned cause number 94-02871-A after the severance order, and it is equally clear that cause
number 94-02871-A was then dismissed by the August 4, 1997 order with notice sent to the State. 
Consequently, we conclude it was the Moreano Objection that was dismissed in the August 4,
1997 order.



, no writ). Since there is no motion for reinstatement
in our record, we would be forced to interpret the September 18, 1997 order as simultaneously
reinstating and dismissing the Moreano Objection. In additional to this troubling procedural
aspect, it would be nonsensical to conclude that the trial court would reinstate an already
dismissed case simply to dismiss it for a different reason.

 To summarize, the appellate record reveals that the trial court severed the
remaining objections from cause number 94-02871. The severance order recites that this was
done pursuant to the parties' agreement; both the clerk and State requested this action; and it does
not appear that any party objected to the severance. The Capitaine Objection retained cause
number 94-02871, and the previous order rendered in that case became final. See Martinez v.
Humble Sand & Gravel, Inc., 875 S.W.2d 311, 312-13 (Tex. 1994). The Moreano Objection was
assigned a new cause number: 94-02871-A. Almost three years later, the Moreano Objection was
placed on the trial court's dismissal docket, with specific notice of the pending dismissal sent to
the State. No action was taken by the State. Accordingly, the trial court dismissed the case for
want of prosecution. See Tex. R. Civ. P. 165a(4); Veterans' Land Bd. v. Williams, 543 S.W.2d
89, 90 (Tex. 1976). Despite the notice of dismissal sent to the State, our record does not suggest
that the State filed a motion to reinstate or appealed from the dismissal order. Thus, the August
4, 1997 order dismissing cause number 94-02871-A for want of prosecution is the final order
disposing of the Moreano Objection. The State has not demonstrated that it could revive its
objection by appealing from the September 18, 1997 order, which was rendered in a different
cause number and has no clear bearing on the Moreano Objection. Consequently, the August 4,
1997 dismissal of the Moreano Objection for want of prosecution is final. Because the State did
not appeal from the August 4, 1997 dismissal order, we overrule the State's point of error and
dismiss the appeal.