NOWAK V. TWELVE OAKS, ET AL.

NO. 07-00-0327-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 18, 2000

______________________________

JOHN LEWIS NOWAK,

Appellant

v.

TWELVE OAKS MEDICAL CENTER, INC., d/b/a AMI TWELVE OAKS

HOSPITAL, FERNANDO AZEVEDO, M.D., and

GREATER HOUSTON ANESTHESIA ASSOCIATION,

Appellees

_________________________________

FROM THE 164
th
 JUDICIAL DISTRICT OF HARRIS
 COUNTY;

NO. 98-57,248; LOUIS M. MOORE, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

John Lewis Nowak (Nowak) appeals from a purported final summary judgment. Originally, he had petitioned for a bill of review and named Twelve Oaks Medical Center, Inc., d/b/a
 AMI Twelve Oaks Hospital, Fernando Azevedo, M.D., and Greater Houston Anesthesia Association (GHAA) as defendants.  By summary judgment order signed on November 29, 1999, the trial court “dismissed [the petition] with prejudice as to Defendant . . . Azevedo . . . .”  By summary judgment order signed on March 16, 2000, the claims against Twelve Oaks Medical Center, Inc., d/b/a AMI Twelve Oaks Hospital were dismissed as well.  However, neither order said anything about the claims against Greater Houston Anesthesia Association.  Nor did they contain a Mother Hubbard Clause or like provision evincing any intent to dispose of all claims and parties.  

The foregoing circumstance, among others, was made known to the litigants by our clerk via letter dated October 17, 2000.  That is, they were informed of the absence of a final judgment and our potential lack of jurisdiction.  So too were they afforded more than ten days to explain why the cause should not be dismissed.  
Tex. R. App. P
.
 42.3.  We have received their responses, but none address the absence of a final judgment.

Save for a few exceptions not here pertinent, an order or judgment must be final before one can appeal from it.  
Martinez v. Humble Sand & Gravel, Inc.
, 875 S.W.2d 311, 312 (Tex.1994).  Furthermore, an order or judgment is final when it disposes of all claims asserted by and against all parties.  
Id.
  The March 16
th
 summary judgment from which Nowak appeals does not dispose of the claims against GHAA, nor does the November 29
th
 decree do so.  Indeed, nothing of record indicates that those claims have been addressed in any manner.  Thus, we must conclude that no final order or judgment exists from which appeal could be taken and that we lack subject matter jurisdiction over the cause.  

Accordingly, we dismiss for want of jurisdiction.

Brian Quinn

    Justice

Do not publish.