Opinion filed January 5, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed January 5, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00323-CV 

                                                     __________

 

                CAROLYN
BUTLER AND TAYL=E HUBBARD, Appellants

 

                                                             V.

 

       MCDONALD=S CORPORATION AND KENNETH FADKE, Appellees

 

 



 

                                         On
Appeal from the 106th District Court

 

Dawson County, Texas

 

                                              Trial
Court Cause No. 04-06-17026

 



 

                                             M
E M O R A N D U M  O P I N I O N

Carolyn Butler and Tayl=e
Hubbard appeal from the trial court=s
order granting summary judgment to McDonald=s
Corporation (McDonald=s)
and Kenneth Fadke (Fadke).  We affirm.

Background Facts  








In June 2004, Butler
filed suit individually and as next friend of Tayl=e
Hubbard, a minor, against McDonald=s
and Fadke, the owner and operator of the McDonald=s
in Lamesa, Texas. 
In June 2002, Butler
and Hubbard were patrons at the McDonald=s
in Lamesa.  They purchased chicken
nuggets, fries, a hamburger, and two drinks. 
Butler
alleges in the petition that, while Hubbard was eating her hamburger, she
pulled human hair out of her mouth that was attached to her hamburger.  Butler
further alleges that she and Hubbard sustained medical injuries as a result of
this human hair found in the hamburger. 
In the suit, Butler
sought $7,500,000 in actual damages, $4,000,000 in punitive damages, pro se
attorney=s fees,
and pre and postjudgment interest.

McDonald=s
and Fadke filed a motion for partial summary judgment on Butler=s
individual claims.  The trial court
granted partial summary judgment and entered a take nothing judgment as to Butler=s individual claims.  The court also severed Butler=s individual claims from her claims as
next friend of Hubbard, making the take-nothing judgment a final judgment as to
Butler=s individual claims.  Butler
filed a notice of appeal but later filed a motion to voluntarily dismiss her
appeal.  This court dismissed her appeal
in August 2005.  Butler
v. McDonald=s Corp.,
No. 11-05-00173-CV, 2005 WL 1983588 (Tex.
App.CEastland,
Aug. 18, 2005, no pet.) (not designated for publication). 

Butler=s claims as next friend of Hubbard were
the only remaining claims in the trial court. 
McDonald=s and
Fadke filed a motion for a traditional and no-evidence summary judgment on the
remaining claims.  In the motion,
McDonald=s and
Fadke asserted that there is no evidence showing an expert had connected
Hubbard=s visit
to McDonald=s with
her injuries and that there was no evidence that McDonald=s and Fadke breached any duty owed to
Hubbard.  The trial court granted summary
judgment.

Issues on Appeal

Butler individually and as next friend of Hubbard
contends in two issues that the trial court erred in granting partial summary
judgment in favor of McDonald=s
and Fadke on her individual claims and erred in granting summary judgment in
favor of McDonald=s and
Fadke on Butler=s claims
as next friend of Hubbard.  

Standard of Review

We review a no‑evidence summary judgment
under the same standard as a directed verdict. 
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750‑51 (Tex. 2003).  Accordingly, we examine the record in the
light most favorable to the nonmovant and disregard all contrary evidence and
inferences.  Id.;
Wal‑Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  A no‑evidence motion for summary
judgment is proper unless the nonmovant produces more than a scintilla of
probative evidence to raise a genuine issue of material fact.   Tex.
R. Civ. P. 166a(i); Rodriguez, 92 S.W.3d at 506.








A traditional motion for summary judgment is
proper if the moving party establishes that no genuine issue of material fact
exists and that he is entitled to judgment as a matter of law.  Tex.
R. Civ  P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). 
Once the movant establishes a right to a summary judgment, the nonmovant
must come forward with evidence or law that precludes summary judgment.  City of Houston
v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678‑79
(Tex.
1979).  When reviewing a summary
judgment, the appellate court takes as true evidence favorable to the
nonmovant.   Am. Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex.
1997); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548‑49 (Tex. 1985).

Butler=s Individual Claims

Butler
contends that the trial court erred in granting McDonald=s
and Fadke=s motion
for partial summary judgment regarding her individual claims.  However, this issue is not before this
court.  

The trial court severed Butler=s
individual claims from her claims as next friend of Hubbard when the trial
court granted the partial summary judgment. 
Upon severance, the judgment as to Butler=s individual claims became final for
the purposes of appeal.  Martinez
v. Humble Sand & Gravel, Inc., 875 S.W.2d 311, 312 (Tex. 1994). 
Butler
filed a notice of appeal in her individual capacity but later withdrew that
notice of appeal, and this court dismissed her appeal.  See Butler,
2005 WL 1983588.  

After the trial court granted the second summary
judgment dismissing Butler=s claims as next friend of Hubbard, she
filed a notice of appeal individually and as next friend of Hubbard.  However, the time period for filing a notice
of appeal as to Butler=s individual claims had expired.  When a severance order takes effect, the
appellate timetable runs from the signing date of the order that made the
severed judgment final and appealable.  Martinez, 875
S.W.2d at 313.  Butler had thirty days from May 10, 2005, the
day the trial court severed her individual claims, to file a notice of
appeal.  Tex. R. App. P. 26.1. 
The second notice of appeal was untimely as to her individual
claims.  This court does not have
jurisdiction to address the trial court=s
grant of the partial summary judgment. 
We overrule Butler=s first issue on appeal.

Hubbard=s
Claims

Butler
as next friend of Hubbard contends that the trial court erred in granting
McDonald=s and
Fadke=s motion
for summary judgment as to Hubbard=s
claims.  McDonald=s
and Fadke argue in their motion for summary judgment and on appeal that there
is no evidence showing that Hubbard=s
damages were proximately caused by McDonald=s
and Fadke=s acts or
omissions. 








The elements of a negligence cause of action are a
duty, a breach of that duty, and damages proximately caused by the breach of
duty.  Greater Houston Transp. Co. v.
Phillips, 801 S.W.2d 523, 525 (Tex.
1990).  To establish causation, it must
be shown that the conduct of the defendant caused an event and that the event
caused the plaintiff to suffer damages.  Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). 
AExpert
testimony is necessary when the alleged negligence is of such a nature as not
to be within the experience of the laymen.@
FFE Transp. Services, Inc. v. Fulgham,154 S.W.3d 84, 90 (Tex. 2004) (quoting Roark v. Allen, 633 S.W.2d
804, 809 (Tex.
1982)).

In this case, expert testimony on causation was
required because the connection between exposure to human hair and Hubbard=s medical condition is not something
within a layman=s common
knowledge.  See F.W. Indus., Inc. v.
McKeehan, 198 S.W.3d 217 (Tex.
App.CEastland
2005, no pet.).  Butler did not present any expert evidence on
the causation issue.  Butler contends that the two pages of medical
records from Lamesa Primary Care Clinic is expert testimony linking the
incident at the  McDonald=s to her injuries.  However, the records are not supported by an
affidavit and are not testimony. 
Further, the records do not contain any reference to Hubbard=s visit to McDonald=s. 
Rather, the records simply list the symptoms that Hubbard presented with
at the Lamesa Care Clinic.  Therefore, Butler failed to raise a
material fact issue on the causation element in her claim as next friend of
Hubbard.  The trial court did not err in
granting summary judgment.  Appellant=s second issue is overruled.

McDonald=s
and Fadke raise a cross issue in their brief contending that Ferme Butler has
improperly intervened in this appeal. 
That issue has no effect on the outcome of this appeal; therefore, we
will not address it.  Tex. R. App. P. 47.1.

Conclusion 

We affirm the judgment of the trial court. 

 

 

RICK
STRANGE        

JUSTICE

 

January 5, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.