Dismissed and Majority and Dissenting Opinions filed October 16, 2007








Dismissed
and Majority and Dissenting Opinions filed October 16, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01084-CV

____________

 

INLINER AMERICAS, INC. N/K/A
FIRSTLINER AMERICAS, INC., INLINER USA, INC., N/K/A FIRSTLINER USA, INC., AND
CAT CONTRACTING, INC., Appellants

 

V.

 

MACOMB FUNDING GROUP, L.L.C., Appellee

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 2003-14181

 



 

D I S S E N T I N G   O P I N I O N

I respectfully dissent from the majority=s conclusion that
appellants were obligated to file a notice of appeal from an interlocutory
order before the order became appealable.  








On May 17, 2006, the trial court signed an interlocutory
order in a declaratory judgment action.  On October 25, 2006, the parties filed
an agreed motion requesting permission from the trial court to appeal the
interlocutory order.  On November 27, 2006, the trial court granted the motion
and entered an order permitting the interlocutory appeal.  Appellants filed notice
of appeal on December 1, 2006.  The majority concludes that appellants= notice of appeal
was due twenty days after the May 17, 2006, order was signed.  I disagree.  

The rule
at issue is deceptively simple: the notice of appeal in a permissive
interlocutory appeal must be filed within twenty days after the judgment or
order is signed.  See Tex. R.
App. P. 26.1.  The difficulty arises in parsing that to which judgment
or order signed refers.  The majority concludes that the appellate
timetable runs from the date the interlocutory order itself is signed.  Based
on my interpretation of judgment or order signed, as the signed written
permission of the trial court to pursue the permissive interlocutory appeal, I
part ways with the majority.

Appeals
can be taken only from final judgments and appealable interlocutory orders.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Tex. Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon Supp. 2006).  In this case,
the partial summary judgment was not appealable until the trial court granted
permission to appeal.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(d) (AA district court,
county court at law, or county court may issue a written order for
interlocutory appeal in a civil action not otherwise appealable . . . .@).  Therefore, the
appellate timetable could not begin to run from the signing of an order not yet
appealable. 

The
majority holds that this interpretation is Ainconsistent with the accelerated
nature of the appeal and with the plain language of the Rules of Appellate
Procedure that set forth appellate deadlines.@  However, the plain language of the
Rule 26.1 requires that a notice of appeal be filed within twenty days after
the judgment or order is signed.  That language has consistently been applied
to final judgments or other appealable orders.  In re K.A.F., 160 S.W.3d 923,
927 (Tex. 2005).  








I believe it instructive to analogize the appeal of a
permissive interlocutory order to the context of a partial summary judgment. 
The partial summary judgment, as an interlocutory order, can be appealed only
if it is made final by a severance order.  In such a case, the appellate
timetable begins from the date of the severance order.  Martinez v. Humble
Sand & Gravel, Inc., 875 S.W.2d 311, 313 (Tex. 1994).  Conversely, the
appellate timetable does not begin to run from the date of the interlocutory
order because the order was not appealable at the time it was entered.  The
same reasoning applies here.  At the time the partial summary judgment was
signed, it was interlocutory; therefore, it was not appealable.  The parties
chose to seek a permissive appeal rather than sever the partial summary judgment
from the remaining action.  To interpret Rule 26.1 to require a different
appellate timetable because the parties chose a different route to the
appellate court would be inconsistent not only with prior interpretations of
the rule, but with the design of the appellate rules in general.  The appellate rules are designed to
resolve appeals on the merits, and we must interpret and apply them whenever
possible to achieve that aim.  Michiana Easy Livin= Country, Inc. v. Holten, 168 S.W.3d 777, 784 (Tex. 2005).  I would hold
that the appellate timetable in a permissive appeal under section 51.014(d)
begins to run on the date the trial court signs an order granting permission to
appeal.  Because the majority does not do so, I respectfully dissent.

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Majority and Dissenting Opinions filed October 16, 2007.

Panel consists of Chief Justice
Hedges and Justices Hudson*
and Guzman. (Guzman, J. majority).

 









* 
Senior Justice Hudson sitting by assignment.