Opinion issued December 31, 2009










In The

Court of Appeals

For The

First District of Texas






NO. 01-09-00592-CV






HUNG TAN PHAN, Appellant


V.


AN DINH LE, TAN MING CAO, AND THUY DINH TRUONG, Appellees






On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause No. 2008-61891






MEMORANDUM OPINION We dismiss the appeal for want of jurisdiction.

 In response to a notice from the Clerk of the Court questioning the timeliness
with which appellant/plaintiff, Hung Tan Phan, filed his notice of appeal, Phan filed
a "Letter Brief." The letter brief discloses that Phan sued defendants/appellees, An
Dinh Le, Tan Ming Cao, and Thuy Dinh Truong. Cao filed an answer and a counter-claim to Phan's suit. On March 3, 2009, the trial court signed a "Summary Judgment
Order," in which it, "ADJUDGED and ORDERED that Defendants' Motion for
Partial Summary Judgment is GRANTED," and it dismissed all of Phan's claims. In
March 2009, Phan received a post card notice from the District Clerk informing him
that on March 3, 2009, the trial court signed the "Order for Interlocutory Summary
Judgment."

 On June 2, 2009, Phan appeared at what he thought would be a mediation for
the whole case. He learned from defense counsel, however, that the mediation was
for the counter-suit only. In the docketing statement he filed with this Court, Phan
indicates that his appeal is an interlocutory appeal of an appealable order, and he
states that the basis on which the interlocutory order is appealable is that "the
summary judgment was based on a wrong basis."

 On September 21, 2009. the Clerk of the Court, sent Phan a notice of possible
dismissal of the appeal for want of jurisdiction, noting that it appears that the March
3, 2009 summary judgment order is an unappealable interlocutory order and that the
Court might dismiss Phan's appeal unless he responded to the notice with a legally
supported explanation showing how this Court has jurisdiction of the appeal. Phan
responded to the notice, explaining that he believed the March 3, 2009 order was the
trial court's final order because it dismissed all of his claims. Phan's response does
not address the fact that the summary judgment does not dispose of Cao's counter-claim.

 An appeal may be taken "from a final judgment" of a district or county court. 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 2008). A "final
judgment" in a case is one that disposes of all parties and issues leaving nothing in
the action for further decision except as is necessary for enforcement of the judgment. 
Martinez v. Humber Sand & Gravel, Inc., 875 S.W.2d 311, 313 (Tex. 1994). Here,
in the March 3, 2009 summary judgment order that Phan is attempting to appeal, the
trial court did not dispose of Cao's counterclaim. In his response, Phan cited no
statutes that would make such an order appealable, nor are we aware of any. Thus,
we lack jurisdiction to consider Phan's appeal of the March 3, 2009 summary
judgment order. 

 We dismiss the appeal for want of jurisdiction. Any pending motions are
dismissed as moot.

PER CURIAM

Panel consists of Justices Justices Jennings, Higley, and Sharp.