

# Fourth Court of Appeals
## San Antonio, Texas

January 13, 2014

No. 04-14-00010-CV

John A. **SALDANA,**
Appellant

v.

Richard **MATA** Jr.,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 382404
Honorable David J. Rodriguez, Judge Presiding

# O R D E R

John A. Saldaña appeals the trial court's summary judgment order that he take nothing on his breach of contract claim against Richard Mata Jr. Our review of the clerk's record raises questions regarding our jurisdiction over this appeal.

Saldaña filed an action in small claims court seeking judgment for a referral fee allegedly owed to him by Mata. Mata filed counterclaims for money had and received and unjust enrichment and sought to recover his attorney's fees. After a jury trial, the Justice of the Peace signed a judgment in favor of Saldaña. Mata perfected an appeal to the County Court at Law of Bexar County. Mata then filed a motion for partial summary judgment on Saldaña's breach of contract claim. The trial court granted the motion on November 26, 2013, and ordered that Saldaña take nothing on his cause of action against Mata for breach of contract. Saldaña appeals this order.

With exceptions not applicable in this case, this court has jurisdiction only over final judgments. *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final a judgment must dispose of all issues and parties in a case. *Id.* A summary judgment order is final for purposes of appeal only if it either "actually disposes of all claims and parties then before the court, ... or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). In the absence of express language indicating that the trial court intended to dispose of all claims and parties and render a final judgment, an order that adjudicates only plaintiff's claims against the defendant and does not adjudicate a counterclaim is not final. *Id.* Such an order is not appealable

unless the court makes the judgment final by severing the causes into a separate action. *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex. 1994).

The trial court did not adjudicate Mata's counterclaims, and the November 26, 2013 summary judgment order does not state that it is final or appealable. The record does not contain an order of severance. It therefore appears that the November 26, 2013 order is interlocutory and not appealable.

We therefore **order** appellant **John A. Saldaña** to file a response showing cause why this appeal should not be dismissed for want of jurisdiction. We **order** the response filed by **January 28, 2014**. If a supplemental clerk's record is required to show this court's jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c).

All deadlines in this matter are suspended until further order of the court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of January, 2014.

_____
Keith E. Hottle
Clerk of Court