

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00010-CV

John A. **SALDAÑA**,
Appellant

v.

Richard **MATA** Jr.,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 382404
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  February 19, 2014

DISMISSED FOR LACK OF JURISDICTION

John A. Saldaña appeals the trial court's summary judgment order that he take nothing on his breach of contract claim against Richard Mata Jr.  Saldaña sued Mata in small claims court seeking judgment for a referral fee allegedly owed to him by Mata.  Mata filed counterclaims for money had and received and unjust enrichment and sought to recover his attorney's fees.  After a jury trial, the Justice of the Peace signed a judgment in favor of Saldaña.  Mata perfected an appeal to the County Court at Law of Bexar County.  Mata then filed a motion for partial summary judgment on Saldaña's breach of contract claim.  The trial court granted the motion on November

26, 2013, and ordered that Saldaña take nothing on his cause of action against Mata for breach of contract. Saldaña attempts to appeal this order.

With exceptions not applicable in this case, this court has jurisdiction only over final judgments. *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final, a judgment must dispose of all issues and parties in a case. *Id.* A summary judgment order is final for purposes of appeal only if it either "actually disposes of all claims and parties then before the court, ... or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). In the absence of express language indicating that the trial court intended to dispose of all claims and parties and render a final judgment, an order that adjudicates only plaintiff's claims against the defendant and does not adjudicate a counterclaim is not final. *Id.* Such an order is not appealable unless the court makes the judgment final by severing the causes into a separate action. *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex. 1994).

The trial court did not adjudicate Mata's counterclaims, and the November 26, 2013 summary judgment order does not state that it is final or appealable. The record does not contain an order of severance. It therefore appears that the November 26, 2013 order is interlocutory and not appealable. We ordered Saldaña to file a response by January 28, 2013, showing cause why this appeal should not be dismissed for lack of jurisdiction. We advised Saldaña the appeal would be dismissed if he failed to file a satisfactory response within the time provided. Saldaña has not responded to our order.

We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM