

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00198-CV

MARIA DOLORES MONTEMAYOR GARCIA AS REPRESENTATIVE FOR M.R. MONTEMAYOR ESTATE, APPELLANT

V.

EQUITY TRUST COMPANY F/B/O EDMUND SZOL NO. 057685, MARTIN RODRIGUEZ MORENO, AND MARIA DELOURDES PONCE RANGEL, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2013-508,089, Honorable William C. Sowder, Presiding

August 10, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is a motion to dismiss appeal for want of jurisdiction filed by appellees, Equity Trust Company F/B/O Edmund Szol No. 057685, Martin Rodriguez Moreno, and Maria DeLordes Ponce Rangel. Appellees assert that appellant, Maria Dolores Montemayor Garcia as Representative for M.R. Montemayor Estate, filed a late notice of appeal and we lack jurisdiction over the appeal. We grant the motion and dismiss the appeal.

Appellant sued appellees claiming that a tax lien foreclosure sale of property belonging to the M.R. Montemayor Estate was invalid. Appellees, who purchased the property in succession, filed various counterclaims against appellant. On February 11, 2015, the trial court granted appellees' motion for summary judgment and dismissed all of appellant's claims. Appellant appealed the order, but we dismissed the appeal for want of jurisdiction. In our opinion, we explained that the order granting appellees' motion for summary judgment was not a final judgment as it did not dispose of appellees' remaining counterclaims. *See Garcia v. Equity Trust Co.*, No. 07-15-00184-CV, 2016 Tex. App. LEXIS 1852 (Tex. App.—Amarillo Feb. 23, 2016, no pet.) (per curiam) (mem. op.).

Shortly after we dismissed the appeal, appellees filed a motion in the trial court to sever their counterclaims from the rest of the suit. On March 14, 2016, the trial court signed an order severing appellees' counterclaims and assigning them a new cause number. Appellees subsequently nonsuited their counterclaims against appellant. On May 11, 2016, appellant filed a notice of appeal "from the judgment rendered . . . on February 11, 2015 which was previously dismissed for want of jurisdiction by the 7th Court of Appeals . . . ."

As we stated in our prior opinion, when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). When an otherwise final judgment fails to dispose of all claims and parties, the court may make the judgment final for purposes of appeal by

severing the remaining claims and parties into a different cause. *See Martinez v. Humble Sand & Gravel*, 875 S.W.2d 311, 312 (Tex. 1994). The appellate timetable runs from the date the order of severance was signed for that renders the prior judgment final. *Id.* at 313; *see also VicNRG LLC v. FCStone, LLC,* No. 14-15-00194-CV, 2015 Tex. App. LEXIS 4282 (Tex. App.—Houston [14th Dist.] April 28, 2015, no pet.) (per curiam) (mem. op.).

The order granting appellees' motion for summary judgment and dismissing appellant's claims became a final and appealable judgment on the date the trial court severed appellees' counterclaims, that is, on March 14, 2016. Appellant did not file any post-judgment motions to extend the time within which to perfect an appeal. Nor did she move this court to extend the relevant date. Thus, the deadline for filing her notice of appeal was April 13, 2016, that is, thirty days after March 14th. *See* TEX. R. APP. P. 26.1. Yet, it was filed on May 11, 2016.

Because appellant's notice of appeal is untimely, this court is without jurisdiction over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam