# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00772-CV

In re Madeleine Connor

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Madeleine Connor has filed a petition for writ of mandamus complaining of the trial court's order severing her claims against certain defendants after those claims were dismissed pursuant to the Texas Citizens Participation Act.[1] *See* Tex. R. App. P. 52.

Mandamus relief may be appropriate if a trial court improperly severs claims into a separate case.[2] *See, e.g.*, *In re State*, 355 S.W.3d 611, 614-15 (Tex. 2011) (when severance into eight separate suits was improper, State lacked adequate remedy by appeal because of "enormous waste of judicial and public resources"); *In re City of Austin Police Dep't*, No. 03-98-00661-CV, 1999 WL 11224, at *1 (Tex. App.—Austin Jan. 14, 1999, orig. proceeding) (per curiam) (not designated for publication) (Texas courts have a policy against "piecemeal trials," and mandamus relief "is appropriate when the trial court improperly severs a single cause of action"). However,

---

[1] *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011.

[2] *See In re State*, 355 S.W.3d 611, 614 (Tex. 2011) (severance is proper if controversy involves multiple causes of action, severed claim could be independently asserted, and severed claim is not so interwoven with remaining claim that they involve same facts and issues).

Connor's claims against the real parties in interest have been dismissed and thus can no longer be considered interwoven with her remaining claims. Further, Connor has explained that she wishes to challenge the dismissal of her claims against the real parties in interest, and the severance order rendered those dismissals final and appealable. *See, e.g.*, *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994). Thus, Connor has an adequate remedy by appeal. *See In re Rogers*, No. 09-11-00644-CV, 2012 WL 112553, at *1 (Tex. App.—Beaumont Jan. 12, 2012, orig. proceeding) (mem. op.) ("As to the severed cause, appeal is available and will be an adequate remedy."); *In re Fantroy*, No. 10-09-00008-CV, 2009 WL 91712, at *1-2 (Tex. App.—Waco Jan. 9, 2009, orig. proceeding) (mem. op.) ("because he has an adequate remedy by appeal of the judgment and severance order, Fantroy's petition for writ of mandamus is denied"); *In re Clayton*, No. 09-05-00412-CV, 2006 WL 1045175, at *2 (Tex. App.—Beaumont Apr. 20, 2006, orig. proceeding (mem. op.) (once severance signed, interlocutory orders were appealable). We deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

 

 

 

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed: December 13, 2018

2