**DISMISS; and Opinion Filed April 5, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01455-CV

**JOSLYN CANNEUS, Appellant**
**V.**
**HAMIDULLAH SIKANDER AND FAHIMA SIKANDER, Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-05807-E**

## MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Molberg

We questioned our jurisdiction over this appeal from a partial summary judgment as it appeared claims remained pending in the trial court. *See Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to few mostly statutory exceptions, appeal may only be taken from final judgment that disposes of all parties and claims). As reflected in the record, the challenged judgment disposed of appellees' counter-claim against appellant for forcible detainer but did not dispose of appellees' request for attorney's fees, appellant's claims against appellees to quiet title, or appellant's claims against a fourth party for wrongful foreclosure.

Two days after the trial court granted the challenged judgment, appellees filed an amended counterclaim omitting the request for attorney's fees and a month later, the trial court severed appellant's and appellees' claim against each other from appellant's claims against the fourth

party. Appellees then filed a motion to modify, correct, or reform the partial summary judgment, noting their amended counterclaim did not seek attorney's fees, but the record does not reflect the trial court modified the judgment. The record also does not reflect the trial court has disposed of appellant's claims against appellees.

At our request, the parties filed letter briefs addressing our jurisdiction. Appellant asserts that, because appellees withdrew their claims for attorney's fees, the partial summary judgment became final when the trial court severed the claims between appellant and appellees from the claims between appellant and the fourth party. We disagree.

When unadjudicated claims remain before the trial court, and a party moves to have the claims nonsuited or removed by severance, the claims are resolved for appellate purposes when the trial court signs a judgment or order disposing of those claims. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) ("appellate timetable runs from the signing date of whatever order that makes a judgment final and appealable, i.e. whatever order disposes of any parties or issues remaining before the court.") (citing *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994)). While the filing of the amended petition amounted to a nonsuit of the claim for attorney's fees, only a trial court order could "finalize" that claim. *See id.* And while the severance order removed appellant's claims against the fourth party, it did not resolve or even address appellant's claims against appellees. Accordingly, because claims remain pending, we lack jurisdiction and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Ken Molberg/
KEN MOLBERG
JUSTICE

181455F.P05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSLYN CANNEUS, Appellant

No. 05-18-01455-CV          V.

HAMIDULLAH SIKANDER AND
FAHIMA SIKANDER, Appellees

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-18-05807-E.
Opinion delivered by Justice Molberg,
Justices Whitehill and Reichek
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** appellees Hamidullah Sikander and Fahima Sikander recover their costs, if any, of this appeal from appellant Joslyn Canneus.

Judgment entered this 5th day of April 2019.