

# Fourth Court of Appeals
## San Antonio, Texas

April 5, 2021

No. 04-20-00609-CV

**OPUS AE GROUP, L.L.C.**,
Appellant

v.

**AKF GROUP, LLC.**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-10826
Honorable Aaron Haas, Judge Presiding

# O R D E R

Opus AE Group, L.L.C. and AKF Group LLC were involved in litigation involving multiple parties and claims. On May 28, 2020, the trial court signed a summary judgment order dismissing with prejudice Opus AE Group's claims against AKF Group. On June 12, 2020, the trial court signed an order severing the claims between Opus AE Group and AKF Group from the other claims pending in the case. This severance order rendered the trial court's summary judgment order final and appealable. *See Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312-13 (Tex. 1994) ("When a severance order takes effect, the appellate timetable runs from the signing date of the order that made the judgment 'severed' final and appealable.").

On July 13, 2020, Opus AE Group filed a timely motion for reconsideration of the summary judgment order dismissing its claims. Therefore, Opus AE Group's notice of appeal was due to be filed on September 10, 2020. *See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file a notice of appeal was due on September 25, 2020. *See* TEX. R. APP. P. 26.3. However, Opus AE Group did not file its notice of appeal until December 21, 2020.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id*.

We, therefore, ORDER Opus AE Group to show cause in writing on or before **April 19, 2021**, why this appeal should not be dismissed for lack of jurisdiction. We suspend all appellate deadlines pending our determination of whether we have jurisdiction over this appeal.

Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of April, 2021.

MICHAEL A. CRUZ, Clerk of Court