# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00175-CV

**James Andy Fry; Fry Sons Ranch, Inc.; Tina Bristow; and Mary Thornton, Appellants**

**v.**

**Dianna Lynn Fry, as Independent Administrator of the Estate of Joseph Nathan Fry; Press Allen Fry; and Edward Heath Fry, Individually and in their Derivative Capacity as Majority Shareholders of Fry Sons Ranch, Inc. and as Beneficiaries of the Press Fry Family Trust, Appellees**

### FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
### NO. 45181-D, THE HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In the suit underlying this appeal, brothers Joseph Nathan Fry, Press Allen Fry, and Edward Heath Fry sued Fry Sons Ranch, Inc. and their brother James Andy Fry in connection with his duties as the corporation's president. On June 8, 2021, the trial court granted a partial summary judgment in favor of the plaintiffs on certain of their claims, including their claim to partition certain real property in Burnet County. On October 17, 2022, the trial court severed the "action for partition" from the other claims in the case and assigned the partition claim to a new trial court cause number.[1] Thereafter, James Andy Fry, Fry Son's Ranch Inc.,

---

[1] This Court previously denied James Andy Fry and Fry Sons Ranch, Inc.'s petition for permissive appeal from the June 2021 summary-judgment order. *See Fry Sons Ranch, Inc. v. Fry*, No. 03-21-00289-CV, 2021 WL 3684269 (Tex. App.—Austin Aug. 20, 2021, pet. denied) (mem. op.).

Tina Bristow, and Mary Thornton filed a notice of appeal "of the Orders of October 17, 2022." That appeal has been docketed by this Court as appellate cause number 03-22-00739-CV.

On January 6, 2023, the trial court signed what was designated as a "final judgment" in the severed action, apparently incorporating its previous summary-judgment ruling on the partition claim. James Andy Fry, Fry Son's Ranch, Inc., Tina Bristow, and Mary Thornton then filed this appeal, seeking review of the trial court's January 6, 2023 "final judgment."

This Court subsequently sent notice to the appellants, advising that it appears that the January 6, 2023 "final judgment" is not a final, appealable judgment and that, consequently, we lack jurisdiction over this appeal. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment."). In the notice, we explained that based on our initial review of the record, it appears that (1) upon the signing of the severance order on October 17, 2022, the June 2021 partial summary-judgment order became a final and appealable judgment by actually disposing of all parties and claims in the severed suit relating to the partition claim, *see id.* at 205 (explaining that "when there has not been a conventional trial on the merits," judgment is final for purposes of appeal when it "actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and all parties"); (2) the trial court's plenary jurisdiction began to run from the date the severance order was signed on October 17, 2022, *see* Tex. R. Civ. P. 329b(d) (trial court has plenary power for thirty days after judgment is signed to "grant a new trial or to vacate, modify, correct, or reform the judgment"); *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994) (noting that "[w]hen a severance order takes effect, the appellate timetable runs from the signing date of the order that made the

2

judgment severed 'final' and appealable"); (3) because no party filed a motion that would extend the trial court's plenary jurisdiction, *see* Tex. R. Civ. P. 329b(g), the trial court's plenary jurisdiction expired on November 17, 2022, thirty days after the severance order was signed, *see id.* R. 329b(d); and (4) because the January 6, 2023 "final judgment" was signed after the trial court's plenary jurisdiction had expired, and because it constitutes an attempt by the trial court to correct a judicial error, that "final judgment" is void. *In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (orig. proceeding) (explaining after expiration of trial court's plenary jurisdiction, it may correct clerical errors in judgment); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986) ("After the trial court loses its jurisdiction over a judgment, it can only correct clerical errors in the judgment by judgment nunc pro tunc."). The Court requested that the appellants respond and explain how we may exercise jurisdiction over this appeal.

In response to our notice and inquiry, the appellants notified this Court that they agree that (1) the June 2021 partial summary judgment in favor of the appellees on their partition claim became a final and appealable judgment when the severance order was signed on October 17, 2022, which they have separately appealed,[2] and (2) because the trial court lacked jurisdiction to sign the January 6, 2023 "final judgment," this Court lacks jurisdiction over this attempted appeal from that "final judgment."

Based on the record before us, we conclude that we lack jurisdiction over this appeal from the trial court's January 6, 2023 "final judgment." Accordingly, we dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a).

---

[2] The appellants may pursue their appeal of the trial court's grant of summary judgment on the partition claim in that appeal, cause number 03-22-00739-CV.

3

_____

J. Woodfin Jones, Justice

Before Justices Baker, Smith, and Jones[*]

Dismissed for Want of Jurisdiction

Filed:   June 8, 2023

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).