

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00320-CV

_____

MONIQUE KUSMAN, Appellant

V.

BIOPRO, INC.; JEFFREY P. TAYLOR, DPM, FACFAS; AND NORTH TEXAS
PODIATRY ASSOCIATES, P.A., Appellees

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-337038-22

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion and Order by Justice Womack

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Through her original notice of appeal, Appellant Monique Kusman attempted to appeal a final take-nothing judgment entered in favor of Appellee Biopro, Inc.[1] Through her amended notice of appeal, Kusman attempted to appeal not only the take-nothing judgment entered in favor of Biopro but also a previously rendered take-nothing summary judgment entered in favor of Appellees Jeffrey P. Taylor and North Texas Podiatry Associates, P.A. (NTPA) that had been severed from Kusman's litigation against Biopro. Taylor and NTPA have filed a motion to dismiss Kusman's appeal as it relates to them, arguing that Kusman's notice of appeal was untimely as to the take-nothing summary judgment entered in their favor and that we therefore lack jurisdiction over that portion of the appeal. We agree. Accordingly, we will grant Taylor and NTPA's motion to dismiss, and we will dismiss the part of this appeal challenging the summary judgment for Taylor and NTPA for want of jurisdiction.

### II. BACKGROUND

In September 2022, Kusman filed suit against Biopro in trial court cause number 342-337038-22, alleging a products liability claim. A couple of months later, Kusman amended her petition to add certain negligence claims against Taylor and NTPA. In December 2022, Taylor and NTPA moved for summary judgment based

---

[1]Some portions of the record refer to the entity as "Biopro, Inc." and others refer to it as "BioPro, Inc." We will refer to it simply as "Biopro."

on limitations.  On May 5, 2023, the trial court granted Taylor and NTPA's motion for summary judgment.

On May 31, 2023, Biopro also moved for summary judgment based on limitations.  On June 5, 2023, Kusman filed a motion to reconsider the trial court's order granting summary judgment to Taylor and NTPA.  On June 23, 2023, the trial court signed an order denying Biopro's motion for summary judgment.  That same day, the trial court signed an order denying Kusman's motion to reconsider the order granting summary judgment to Taylor and NTPA and signed an order for severance.  Pursuant to that severance order, the trial court stated,

> It is, therefore, ordered that the claims against [Taylor and NTPA] be severed from this action, transferred to an independent cause, cause number 342-343204-23, and dismissed with prejudice, so that the [trial court's May 5, 2023 order granting summary judgment to Taylor and NTPA] . . . may become a final, appealable judgment, and that the remaining claims and parties, namely the claims between [Kusman] and [Biopro] remain on the Court's docket in Cause No. 342-337038-22.

On July 7, 2023, Biopro filed a motion to reconsider the trial court's order denying it summary judgment.  On August 4, 2023, the trial court signed an order granting Biopro's motion for reconsideration.  Pursuant to that order, the trial court granted Biopro's motion for summary judgment and rendered a take-nothing judgment in Biopro's favor.  On September 5, 2023, Kusman filed a notice of appeal in which she sought to appeal "the trial court's judgment, rendered August 4, 2023." On November 27, 2023, Kusman filed an amended notice of appeal in which she sought to appeal "the trial court's dispositive order and final judgment, rendered

3

May 5, 2023[,] and August 4, 2023[,] respectively." Thereafter, Taylor and NTPA filed a motion to dismiss, asking that we dismiss Kusman's appeal as it relates to them because her notice of appeal was untimely as to the take-nothing summary judgment rendered in their favor. More than ten days have passed since Taylor and NTPA filed their motion to dismiss, and Kusman has not filed a response. *See* Tex. R. App. P. 10.3.

### III. DISCUSSION

The deadline to file a notice of appeal is typically thirty days after the judgment was signed unless the appellant timely files one of several specifically enumerated time-extending motions in the trial court, in which case the deadline to file a notice of appeal is ninety days from the date the judgment was signed. *See* Tex. R. App. P. 26.1. The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Generally, interlocutory orders may be challenged in an appeal from the final judgment. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). But "severance of an interlocutory [order] into a separate action makes [the interlocutory order] final, unless the order of severance indicates further proceedings are to be conducted in the severed action." *VicNRG LLC v. FCStone, LLC*, No. 14-15-00194-CV, 2015 WL 1933376, at *1 (Tex. App.—Houston [14th

4

Dist.] Apr. 28, 2015, pet. denied) (per curiam) (mem. op.). The appellate timetable runs from the signing date of the order that makes the interlocutory order a final and appealable judgment, such as an order of severance. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995); *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994); *VicNRG LLC*, 2015 WL 1933376, at *1.

Here, the take-nothing summary judgment entered in favor of Taylor and NTPA became final and appealable when the severance order was signed on June 23, 2023. *See Farmer*, 907 S.W.2d at 496; *Martinez*, 875 S.W.2d at 313; *VicNRG LLC*, 2015 WL 1933376, at *1. After the severance, no timely post-judgment motion was filed as to the take-nothing summary judgment. Kusman's amended notice of appeal—in which she indicated for the first time that she was attempting to appeal the take-nothing summary judgment entered in favor of Taylor and NTPA—was filed on November 27, 2023, more than 150 days after the severance order was signed. Thus, because her notice of appeal was untimely, Kusman has failed to timely invoke our jurisdiction over the appeal of the take-nothing summary judgment entered in favor of Taylor and NTPA. *See Pletta v. ORO All Com., LLC*, No. 01-19-00966-CV, 2021 WL 5773882, at *6 (Tex. App.—Houston [1st Dist.] Dec. 7, 2021, pet. denied) (mem. op.) (holding that notice of appeal was untimely when it was filed more than thirty days after severance order); *VicNRG LLC*, 2015 WL 1933376, at *1 (same).

## IV. Conclusion

We grant Taylor and NTPA's motion to dismiss, and we dismiss the part of this appeal challenging the summary judgment as to Taylor and NTPA for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). This case shall hereafter be styled *Monique Kusman v. Biopro, Inc.*

/s/ Dana Womack

Dana Womack
Justice

Delivered: January 4, 2024